UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON FOX and CHRISTINA FOX,

    Plaintiffs,

v.                                     Case No: 8:16-cv-2665-T-23JSS

SAFECO INSURANCE COMPANY OF
ILLINOIS,

    Defendant.
_____/

**ORDER ON DEFENDANT'S AMENDED MOTION
TO EXTEND EXPERT DISCLOSURE DEADLINES AND
TO ENFORCE ORDER REGARDING RULE 35 EXAMINATION**

THIS MATTER is before the Court on Defendant's Amended Motion to Extend Expert

Disclosure Deadlines and Motion to Enforce Order Regarding Rule 35 Examination (Dr.

Vanderploeg) ("Motion"). (Dkt. 49.) For the reasons that follow, the Motion is granted in part

and denied in part.

**BACKGROUND**

Plaintiffs bring underinsured motorist and consortium claims against Defendant arising out

of a June 9, 2015, vehicle accident. (Dkt. 2.) On November 9, 2016, the Court entered the Case

Management and Scheduling Order ("Scheduling Order") and scheduled the case for the October

2017 trial term, with a deadline to amend pleadings of January 2, 2017, and a discovery deadline

of May 19, 2017. (Dkts. 14, 15.) Pursuant to the Scheduling Order, the expert disclosure deadline

was March 3, 2017, for Plaintiffs and March 17, 2017, for Defendant. (Dkts. 14, 15.) The parties

later filed a Joint Motion to Extend Deadlines, which the Court granted, extending the discovery

period through June 19, 2017, and extending the deadlines for expert disclosures to May 2, 2017,

for Plaintiffs and May 16, 2017, for Defendant. (Dkts. 20, 21.) The dispositive motion and

*Daubert* motion deadlines were extended through July 19, 2017, and July 30, 2017, respectively. (Dkts. 20, 21.) Subsequently, Plaintiffs' deadline to disclose experts was further extended through May 16, 2017, upon Plaintiffs' unopposed motion requesting the extension. (Dkts. 25–26.)

On May 17, 2017, Defendant requested an extension for four defense experts to conduct examinations of Plaintiff Jason Fox and serve their expert reports. (Dkt. 29.) Specifically, Defendant sought an extension through June 30, 2017, for Dr. Robert Martinez, Dr. John Rayhack, and Bill England to complete examinations of Plaintiff and provide expert reports. (Dkt. 32, 34.) Defendant further sought an extension through July 6, 2017, for Dr. Rodney Vanderploeg to conduct his examination and provide his expert report. (Dkt. 33.) The Court granted Defendant's extension requests for the limited purpose of allowing the above-named experts to examine Plaintiff and submit their reports. (Dkt. 38.) Thus, both parties have requested numerous extensions, and the Court has granted the requests.

## APPLICABLE STANDARDS

Under Federal Rule of Civil Procedure 6(b), when an act must be done within a specified time—and a motion is made after the time to act has expired—the district court may extend the time for good cause "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To determine whether a party failed to act because of excusable neglect, the court considers all relevant circumstances surrounding the party's omission, including the danger of prejudice to the opposing party; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Additionally, "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is

clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392.

## ANALYSIS

Defendant now seeks additional extensions for Dr. Rayhack, Dr. Vanderploeg, and Mr. England. (Dkt. 49 at 6.) Defendant states that Dr. Rayhack was unable to complete his report by the June 30, 2017, deadline "due to his patient schedule, clinic schedule, and surgeries he has performed." (Dkt. 49 at 3.) Defendant requests an extension through July 7, 2017, to provide Plaintiffs with Dr. Rayhack's expert report.

Further, Defendant states that Dr. Vanderploeg will be unable to complete his report by July 6, 2017, because his examination of Plaintiff scheduled for July 6, 2017, is expected to last all day. (Dkt. 49 at 5.) Defendant requests a two-week extension for Dr. Vanderploeg's expert disclosure in order to allow him time to complete his report. However, Defendant did not request additional time for Dr. Vanderploeg to complete his report in its previous request for an extension regarding Dr. Vanderploeg. There, Defendant advised the Court that Plaintiff Mr. Fox agreed to be available for the July 6, 2017, examination, and the Court granted Defendant's request to extend the deadline for Dr. Vanderploeg's expert disclosure through July 6, 2017, as requested. (Dkts. 29, 33.) At this late stage, an additional two-week extension is excessive and may delay future proceedings in the case. Further, if Dr. Vanderploeg is given two additional weeks to complete his report as Defendant now requests, Plaintiffs would not receive the report until after the July 19, 2017, deadline for dispositive motions. Accordingly, the requested extension could cause prejudice to Plaintiffs and potentially impact the judicial proceedings.

Moreover, notwithstanding any contentions to the contrary, Plaintiff Jason Fox has previously been notified of the July 6, 2017, appointment with Dr. Vanderploeg. (Dkt. 49 at 2.)

In Defendant's Rule 35 Motion for Entry of Order for Physical and Mental Examination with Dr. Vanderploeg, Defendant indicates that Plaintiff agreed to be available on July 6, 2017, for the examination. (Dkt. 33.) Further, in Plaintiffs' Opposition to Defendant's Motion to Extend Expert Disclosure Deadlines, Plaintiffs state that "Mr. Fox's current evaluation date by Safeco's neuropsychologist is July 6."[1] (Dkt. 35 at 3.) Additionally, the Court previously extended discovery for the limited purpose of Dr. Vanderploeg's examination of Plaintiff on July 6, 2017. (Dkt. 38.) Therefore, the Court finds that Plaintiff had notice of the examination. (Dkts. 33, 38.)

With regard to Mr. England, Defendant states that Plaintiff attended an examination by Mr. England on June 9, 2017, "but did not complete the testing that was anticipated." (Dkt. 49 at 3.) Defendant's counsel provided dates to Plaintiffs' counsel in an effort to complete the testing and the parties agreed to continue the examination on June 29, 2017. (Dkt. 49 at 3–4.) Mr. England also requested that Plaintiff Mr. Fox be available for an interview through Skype, and Plaintiff agreed to conduct that interview on July 10, 2017. (Dkt. 49 at 4.) Defendant now seeks a two week extension for Mr. England to complete his expert report. (Dkt. 49 at 5.) However, it is unclear why Mr. England was unable to complete his testing during the initial June 9, 2017, examination or why he requires an interview on July 10, 2017. Thus, Defendant has not shown good cause as to why it cannot comply with the June 30, 2017, deadline for Mr. England's expert report. *See* Fed. R. Civ. P. 6(b)(1)(B).

Accordingly, it is **ORDERED** that Defendant's Amended Motion to Extend Expert Disclosure Deadlines and Motion to Enforce Order Regarding Rule 35 Examination (Dr. Vanderploeg) (Dkt. 49) is **GRANTED** in part and **DENIED** in part. The expert disclosure deadline for Defendant's experts Dr. Rayhack and Dr. Vanderploeg is extended through July 7,

---

[1] Dr. Vanderploeg is Defendant's neuropsychologist expert. (Dkt. 33, 45-2.)

2017.  Defendant's motion is denied with respect to the request for an extension for Mr. England's

expert disclosure.

       **DONE** and **ORDERED** in Tampa, Florida, on July 3, 2017.


                           JULIE S. SNEED
                     UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
Counsel of Record