UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON FOX and CHRISTINA
FOX,   CASE NO.: 16-cv-2665-SDM-JSS

        Plaintiffs,

v.

SAFECO INSURANCE COMPANY
OF ILLINOIS,

        Defendant.
_____/

## PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S EXPERT WILLIAM ENGLAND AND PRECLUDE ANY TESTIMONY THEREFROM FOR NON-COMPLIANCE WITH RULE 26(a)(2) AND THIS COURT'S CASE MANAGEMENT ORDER

Six weeks ago, Plaintiffs opposed Safeco's attempt to extend its expert disclosure deadline for certain experts, asserting that Safeco's lack of diligence was not an excuse worthy of a six-week extension, and expressing concern that the requested extension "is merely the harbinger of more extensions to come." (Dkt. 35). On May 26, this Court granted Safeco's motion over Plaintiffs' opposition, and ordered:

> The expert disclosure deadline for Defendant's experts Dr. Martinez, Dr. England, and Dr. Rayhack is extended through June 30, 2017. Discovery is extended through June 30, 2017, for the limited purpose of allowing said experts to conduct examinations of Plaintiff. The expert disclosure deadline for Defendant's expert Dr. Rodney Vanderploeg is extended through July 6, 2017, and discovery is extended for the limited purpose of Dr. Vanderploeg's examination of Plaintiff on July 6, 2017.

(Dkt. 38). Four days later, on the "Supplemental Disclosures" deadline, Safeco disclosed three additional experts: Stephen Durham, Ph.D. (an economist), Barry A. Stein, Esq. (an attorney), and Gil Spruance, M.S (a life-care planner). None of those three supplemental

1

experts provided an expert report as required by Rule 26(a)(2), which prompted Plaintiffs' Motion to Strike those experts. (Dkt. 45). Now, yet again, Safeco has failed to timely produce an expert report as to another of its experts—this time William England, for whom the Court previously granted an extension. Instead, on the day its disclosures were due, Safeco again moved to extend the disclosure deadline for Mr. England's report by two weeks, claiming that Mr. England "did not complete the testing that was anticipated" in his June 9 examination of Mr. Fox. (Dkt. 49). The Court, finding no good cause existed for that extension, denied Safeco's motion to extend Mr. England's expert disclosure beyond June 30. (Dkt. 50). It is undisputed the Safeco did not produce a Rule 26 report for Mr. England within the Court's June 30 deadline. At some point, Safeco's repeated failure to comply with this Court's orders must have consequences. Safeco's expert, Mr. England, is due to be stricken.

**Factual Background**

Safeco has known the physical and mental conditions at issue in this lawsuit for over a year. On March 29, 2016, Plaintiffs sent their initial demand to Safeco, outlining all injuries Mr. Fox sustained in the motor vehicle accident that forms the basis of this lawsuit. After pre-suit negotiations proved fruitless, Plaintiffs filed suit on August 2, 2016. On November 9, 2016, this Court entered a scheduling order, fixing the time by which Safeco must disclose expert reports pursuant to Rule 26(a)(2).[1] Plaintiffs were deposed on January 19, 2017, where all of the at-issue physical and mental conditions were discussed at length.

---

[1] This Court later extended that deadline by sixty (60) days, pursuant to a joint motion by the parties, and then granted Defendant a second extension pursuant to its May 26 Order.

At all of those times, Safeco was on notice that these conditions were at issue in this litigation. Safeco did not request Rule 35 examinations, nor did it give any indication that such a request was forthcoming. On January 24, 2017, the parties mediated the case and again discussed these issues at length. Again, ten weeks later on April 3, Safeco attended a second mediation in this case, where the parties again discussed the injuries at issue in this litigation. Again, Safeco did not make any attempt to obtain Rule 35 examinations of Mr. Fox. Finally, on May 11—five days before Safeco's May 16 expert disclosure deadline and six months after this Court's initial scheduling order—Safeco—for the first time—contacted Plaintiffs' counsel seeking Rule 35 examinations of Mr. Fox, nearly fifteen months after the initial demand in this matter, four months after the Plaintiffs testified at length about these conditions at their depositions, and four months after the parties discussed these issues at the first of two mediations in this case. Safeco gives no explanation for this delay.

On May 16, Safeco made plainly deficient Rule 26(a)(2) disclosures, failing to produce a single report from any of their experts. The following day, Safeco moved for an extension of its already-expired expert deadline. Four days after the Court granted that motion as to the previously-disclosed experts, Safeco deficiently disclosed three new experts, again all without reports. Now that this Court's extension has lapsed, Safeco again failed to provide adequate expert disclosures as to England, without providing any explanation for the deficiency.

**Memorandum of Law**

On November 9, 2016, this Court entered an Order requiring the parties to "conform to the deadlines proposed in the case management report." (Dkt. 15). On the parties' Case Management Report (Dkt. 14 at § 4(E)), the parties pledged "to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e)," "[o]n or before the dates set forth in the above table for the disclosure of expert reports." Safeco has failed to keep that pledge.

The Case Management Report also explains the consequences of non-compliance:

> Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. ***Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.***

(Dkt. 14 at § 4(E)) (emphasis added).

In addition to this Court's Order, the policy of exclusion is firmly rooted in Rules 26 and 37. Rule 26(a)(2)(B) dictates that an expert "disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony." *See also Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) ("[R]evelation of [the expert's] name was not enough to discharge Reese's obligation under the federal and local rules . . . the federal rule contemplates not only the identification of the expert, but also the provision of a written report containing a complete statement of all opinions and the basis and reasons therefor.") (internal quotations omitted). Rule 26 also provides that this disclosure must be made "at the times and in the sequence that the court orders." Rule 26(a)(2)(D). Rule 37(c) provides the remedy for failure to disclose:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial**, unless the failure was substantially justified or is harmless.

(emphasis added); *see also Reese*, 527 F.3d at 1265.

Here, one day after Safeco's May 16 expert deadline, Safeco belatedly disclosed Mr. England, and promised the Court that a six-week extension to June 30 would suffice for Safeco to provide complete Rule 26(a)(2) disclosures. Safeco did not keep that promise. The June 30 deadline came and went, and Plaintiffs did not receive Mr. England's expert report. Instead, Safeco filed another motion for extension of time, which the Court denied. (Dkt. 50). Therefore, the analysis turns on whether the "failure was substantially justified or [] harmless." Rule 37(c).

"The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821, 824 (11th Cir. 2009); *Avramides v. Liberty Mutual Fire Ins. Co.*, No. 8:12-cv-2104-T-27TGW, 2014 WL 202662 at *4 (M.D. Fla. Jan. 17, 2014). "In determining whether a failure to disclose evidence is substantially justified or harmless, courts are guided by the following factors: (1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence." *Bradenton Beauty & Barber Academy, Inc. v. First Nat'l Ins. Co. of America*, No. 8:16-cv-456-T-27JSS, 2017 WL 915242 at *1 (M.D. Fla. Mar. 8, 2017).

Here, Safeco has been aware of Plaintiffs' claims and damages since at least January, if not several months earlier. Despite that, Safeco needed a six-week expert disclosure extension, which this Court gave. On June 9, Mr. Fox attended Mr. England's requested examination. Prior to that appointment, Plaintiffs were never told that Mr. England would require more than one examination of Mr. Fox—much less the three (June 9, June 29, and July 10)—that Safeco now seeks. As the Court adeptly noticed in its Order, "it is unclear why Mr. England was unable to complete his testing during the initial June 9, 2017 examination or why he requires an interview on July 10, 2017." (Dkt. 50 at 4). It is unclear to Plaintiffs as well.

The idea that Safeco continues to miss its Court-ordered deadlines after such a significant extension lacks substantial justification. And now, less than three months before trial, the fact that Safeco is tardily disclosing its experts prejudices Plaintiffs. Safeco, as it did with its previous experts, continues to shirk this Court's and Rule 26's requirements without regard to Plaintiffs' interest in receiving timely disclosure of the expert testimony that Safeco seeks to use against Plaintiffs. This is exactly the scenario in which the Court can and should exercise its discretion and preclude Safeco's insufficiently and tardily disclosed experts. Accordingly, Plaintiffs respectfully request that this Court exercise its discretion to grant the instant motion and preclude testimony from expert England of any opinions not timely disclosed.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Counsel for Plaintiffs has conferred with counsel for Defendant regarding the contents of this Motion. Defendant confirmed that it would oppose the relief sought herein. Accordingly, I am authorized to say that Defendant opposes the relief sought.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed and served using this Court's CM/ECF system on this __7th__ day of July, 2017 to the attached Service List.

/s/ Brent R. Bigger
Brent R. Bigger, ESQUIRE
Florida Bar No.: 823961
Shane A. Newlands, ESQUIRE
Florida Bar No.:116908
**KNOPF BIGGER**
511 West Bay Street, Suite 450
Tampa, FL 33606
Phone: (813) 609-2993
Facsimile: (813) 864-6777
Primary Email: brent@knopfbigger.com
Secondary Email: shane@knopfbigger.com
Additional Email: janice@knopfbigger.com
*Counsel for Plaintiffs*

## **SERVICE LIST**

MELISA L. BODNAR, TRIAL COUNSEL
Florida Bar No. 997234
Law Office of Glenn G. Gomer
Meridian One, Suite 900
4350 West Cypress Street
Tampa, FL 33609
Telephone: (813) 868-8127
Fax Number: (603) 334- 7167
Primary E-mail (eservice only): TampaLegalMail@libertymutual.com
Secondary E-mail: Melisa.Bodnar@libertymutual.com
Attorney for Defendant