UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON FOX and CHRISTINA FOX,

    Plaintiffs,

v.                                                  Case No: 8:16-cv-2665-T-23JSS

SAFECO INSURANCE COMPANY OF
ILLINOIS,

    Defendant.
_____/

## **ORDER ON PLAINTIFFS' MOTION TO STRIKE**

THIS MATTER is before the Court on Plaintiffs' Motion to Strike Defendant's Experts Durham, Stein, and Spruance, and Preclude Any Testimony Therefrom for Non-Compliance with Rule 26(a)(2) and This Court's Case Management Order ("Motion") (Dkt. 45) and Defendant's response in opposition (Dkt. 48). For the reasons that follow, the Motion is granted.

### **BACKGROUND**

Plaintiffs bring underinsured motorist and consortium claims against Defendant arising out of a June 9, 2015, vehicle accident. (Dkt. 2.) On November 9, 2016, the Court entered the Case Management and Scheduling Order ("Scheduling Order"), and scheduled the case for the October 2017 trial term. (Dkts. 14, 15.) Pursuant to the Scheduling Order, the discovery deadline was May 19, 2017, and the expert disclosure deadline was March 3, 2017, for Plaintiffs and March 17, 2017, for Defendant. (Dkts. 14, 15.) The supplemental disclosure deadline for all parties was March 31, 2017. (Dkts. 14, 15.) The parties later filed a Joint Motion to Extend Deadlines, which the Court granted, extending the discovery period through June 19, 2017, and extending the deadlines for expert disclosures to May 2, 2017, for Plaintiffs and May 16, 2017, for Defendant. (Dkts. 20, 21.) Subsequently, Plaintiffs' deadline to disclose experts was further extended through May 16,

2017, upon Plaintiffs' unopposed motion requesting the extension. (Dkts. 25–26.) The deadline for supplemental disclosures for all parties was extended through May 30, 2017. (Dkts. 20, 21.)

In Plaintiffs' Motion, Plaintiffs seek to strike three of Defendant's expert witnesses on the grounds that Defendant's expert disclosures were insufficient and untimely under Federal Rule of Civil Procedure 26 and the Court's Orders. (Dkt. 45.) According to the Motion, Defendant served supplemental expert disclosures on May 30, 2017, disclosing Dr. Stephen Durham, Barry Stein, and Gil Spruance as experts for the first time. (Dkt. 45.) Plaintiffs contend that Defendant's deficient disclosures are prejudicial as the three experts at issue have neither provided expert reports nor examined Plaintiff Jason Fox and trial in this matter is set to occur in approximately three months. (Dkt. 45 at 6.) Plaintiffs therefore seek to strike Dr. Durham, Mr. Stein, and Mr. Spruance as expert witnesses.

**APPLICABLE STANDARDS**

The Federal Rules of Civil Procedure are designed to "narrow and clarify the issues," "give the parties mutual knowledge of all relevant facts," and "prevent[ ] surprise." *Shelak v. White Motor Co.*, 581 F.2d 1155, 1159 (5th Cir. 1978) (citing *Hickman v. Taylor*, 329 U.S. 495 (1947)). Additionally, the rules governing expert disclosures are "intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and [ ] arrange for expert testimony from other witnesses." *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (internal quotations omitted); *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1248 (M.D. Fla. 2012) (internal quotations omitted) (explaining that "the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise," and "compliance with the requirements of Rule 26 is not merely aspirational").

Accordingly, Federal Rule of Civil Procedure 26 requires parties to disclose the identity of any expert witness it may use to present evidence at trial. Fed. R. Civ. P. 26(a)(2)(A).

For experts "retained or specifically employed to provide expert testimony," the expert disclosure must be accompanied by a signed, written report that contains the following: "a complete statement of all opinions the witness will express and the basis and reasons for them," "the facts or data considered by the witness in forming them," "any exhibits that will be used to summarize or support them," "the witness's qualifications, including a list of all publications authored in the previous 10 years," "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition," and "a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). For witnesses not providing a written report, the expert disclosures must contain "the subject matter on which the witness is expected to present evidence," and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Expert disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

The parties must supplement their expert disclosures in accordance with Rule 26(e). Rule 26(e) requires a party to supplement or correct its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Any additions or changes to an expert's report or to information given during the expert's deposition "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2).

## ANALYSIS

In the Motion, Plaintiffs seek to strike three experts Defendant disclosed for the first time on May 30, 2017, the deadline for supplemental expert disclosures. (Dkt. 45.) According to Plaintiffs, Defendant's supplemental expert disclosures violate Federal Rule of Civil Procedure 26 and were untimely served without accompanying expert reports three months before the October 2017 trial date. (Dkt. 45.)

From the supplemental expert disclosures, Defendant disclosed Dr. Durham, Mr. Stein, and Mr. Spruance as experts on May 30, 2017. Defendant lists Dr. Durham as an economist and provided Dr. Durham's fee schedule, expert testimony list, and curriculum vitae. (Dkt. 45-1.) However, Defendant states in the expert disclosure that Dr. Durham's "findings will be contained within his report" and that the report "will be provided upon receipt." (Dkt. 45-1 at 3.) Defendant next lists Mr. Stein as a licensed attorney and provides his contract with Defendant, but states that Mr. Stein's expert testimony list, curriculum vitae, and report will be provided. (Dkt. 45-1 at 4.) Last, Defendant lists Mr. Spruance as a certified life care planner and provides Mr. Spruance's curriculum vitae. (Dkt. 45-1 at 4–5.) Defendant, however, states that Mr. Spruance's report, fee schedule, and testimony list will be provided. (Dkt. 45-1 at 5.) Defendant provides no additional information as to the opinions of Dr. Durham, Mr. Stein, or Mr. Spruance.

Defendant argues that its "supplemental expert disclosure was within the Court's deadline albeit the expert reports are not available." (Dkt. 48 at 2.) This, however, misstates the purpose of expert disclosures and the Court's deadline. The Case Management Report, adopted in the Court's Scheduling Order, states that by the expert disclosure deadline, "the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(d)." (Dkts. 14, 15.) Rule 26(a)(2) requires a party to

provide expert reports at the time of its expert disclosures. Fed. R. Civ. P. 26(a)(2)(B). The Case Management Report further states:

> Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

(Dkt. 14 at 9.) Hence, the production of expert reports is required to fully comply with the expert disclosure deadline.

Further, the purpose of supplemental disclosures is not to allow parties to untimely disclose new experts. An expert report may not be supplemented, pursuant to Rule 26(e), to cure a major omission or to remedy an expert's inadequate or incomplete preparation. *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-CV-947-J-34HTS, 2009 WL 1139575, at *2 (M.D. Fla. Apr. 27, 2009); *see, e.g., Mobile Shelter*, 845 F. Supp. 2d at 1248-52 (excluding expert's untimely second report, which included opinions regarding claims that were not addressed in the initial report); *K & H Dev. Grp., Inc. v. Howard*, 255 F.R.D. 562, 567-68 (N.D. Fla. 2009) (striking an expert's "supplemental" report that included a new theory of damages, which was based on information that was available when the expert prepared his initial report); *cf. In re Accutane Prods. Liab. Litig.*, No. 8:04-MD-2523T30TBM, 2007 WL 201091, at *1 (M.D. Fla. Jan. 24, 2007) (denying motion to strike supplemental expert report where the report revealed additional literature review and, in some areas, a degree of new or additional rationale in support of the expert's conclusions, but the core opinions remained the same). Rather, Rule 26(e)(1)(A) requires supplementation in situations where "the party learns that in some material respect the [original] disclosure or response is incomplete or incorrect[.]" Thus, Rule 26(e) imposes a duty on parties to supplement existing expert disclosures when the disclosure is incorrect or incomplete. *See Goodbys Creek*, 3:07-CV-

947-J-34HTS, 2009 WL 1139575, at *2. Moreover, "Rule 26 imposes a duty on parties to comply with the disclosure deadlines. It grants them no right to produce information in a belated fashion." *Mobile Shelter*, 845 F. Supp. 2d at 1250 (internal citations and quotations omitted). Thus, Defendant cannot rely on the duty of supplementation to add three new, previously undisclosed experts. Providing the belated disclosures in this manner is contrary to Rule 26 and the Court's Orders.

Nevertheless, even if Defendant's supplemental disclosures were proper under Rule 26(e), Defendant failed to timely provide a complete statement of all opinions Dr. Durham, Mr. Stein, and Mr. Spruance will express, the basis and reasons for their opinions, and the facts or data considered by them in forming their opinions. "Expert disclosures" within the meaning of the Rule 26 contemplates not only the identification of the expert, but also the provision of a written report containing "a complete statement of all opinions" and "the basis and reasons therefor." Fed. R. Civ. P. 26(a)(2)(B). Further, expert disclosures for witnesses that are not required to provide a report must nonetheless include the "subject matter on which the witness is expected to present evidence," and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). The required disclosures have not been provided here. Accordingly, the Court finds that Defendant's disclosures of Dr. Durham, Mr. Stein, and Mr. Spruance were deficient under Rule 26(a)(2).

The Court must next determine whether Defendant's failure to sufficiently disclose its experts was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The court has broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1). *United States ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, No. 8:06-cv-00040-T-33MAP, 2009 WL 92826, at *3 (M.D. Fla. Jan. 14, 2009). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 825 (11th Cir. 2009) (internal quotations omitted). In determining whether a failure to disclose evidence is substantially justified or harmless, courts are guided by the following factors: (1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence. *Breathe Easy*, 2009 WL 92826, at *3.

Defendant contends that its supplemental disclosures seek to "rebut and respond" to those experts identified by Plaintiffs. (Dkt. 48 at 2.) However, Defendant does not make clear which experts it intends to rebut or how the three new experts will rebut Plaintiffs' experts. Without further information, the Court finds that Defendant has failed to establish that Dr. Durham, Mr. Stein, and Mr. Spruance are rebuttal experts.

Defendant explains that Dr. Durham is an economist who cannot render opinions until the vocational rehabilitation testing with Defendant's expert William England is completed. (Dkt. 48 at 2.) Defendant states that Mr. England is conducting additional testing on June 29, 2017. (Dkt. 48 at 4.) However, Defendant previously requested extensions for Mr. England's testing and expert report, but failed to include Dr. Durham in its extension requests. (Dkts. 29, 49.) Defendant further asserts that it identified Dr. Durham "out of abundance of caution" because Plaintiffs have not provided Defendant the results of Plaintiffs' vocational rehabilitation expert's tests. (Dkt. 48

at 2–3.) Disclosing an expert "out of abundance of caution" does not establish the importance of the expert or the expert's testimony. Thus, Defendant's explanation does not demonstrate that its untimely disclosure of Dr. Durham was substantially justified.

Defendant next contends that Mr. Stein is a worker's compensation attorney and potential witness regarding Plaintiff Jason Fox's allegations of his inability to earn more than his prior employment. (Dkt. 48 at 3.) Defendant states that it does not know whether Mr. Stein will testify at trial in this matter. Defendant disclosed Mr. Stein "out of abundance of caution." (Dkt. 48 at 3.) Again, this explanation neither demonstrates the importance of Mr. Stein's testimony, nor any substantial justification for the insufficient disclosure.

With regard to Mr. Spruance, Defendant states that he was retained to complete a life care plan as part of Mr. England's assessment. (Dkt. 48 at 3.) Defendant explains that Mr. Spruance requested an online interview with Mr. Fox and cannot complete a report until the interview and Mr. England's vocational rehabilitation assessment are completed. (Dkt. 48 at 3.) Defendant states that it has been attempting to schedule the interview since May 30, 2017, and it was not until June 23, 2017, that Plaintiffs agreed to schedule the interview to take place on July 10, 2017. (Dkt. 48 at 3–4.) However, the Court notes that May 30, 2017, was the supplemental expert disclosure deadline. Thus, Defendant first attempted to schedule an interview necessary for an expert's report past the date the report was due. Further, as stated above, Defendant previously requested two extensions for Mr. England's expert disclosure. (Dkts. 29, 49.) However, Defendant did not request an extension of time for Mr. Spruance's expert disclosure in either of its extension requests. Consequently, Defendant's insufficient disclosure of Mr. Spruance is not substantially justified.

Defendant further contends that its experts should not be stricken because Plaintiffs had an additional two weeks to provide their expert disclosures since they were due on the same date as

Defendant's expert disclosures. In this case, the parties have had ample time to conduct discovery. The Court extended the discovery deadline several times to accommodate the needs of the parties. (Dkts. 21, 38, 50.) Nevertheless, Defendant failed to timely comply with the extended deadlines. Further, despite requesting extensions for its expert disclosures twice, Defendant failed to request extensions for Dr. Durham, Mr. Stein, or Mr. Spruance's expert disclosures.

Defendant makes the conclusory statement that Plaintiffs will not be prejudiced by its failure to comply with Rule 26. However, Defendant did not provide Plaintiffs with the expert reports or the required disclosures for Dr. Durham, Mr. Stein, or Mr. Spruance as part of the untimely disclosures. Trial in this matter is scheduled to take place in approximately three months and discovery closed on June 19, 2017. Thus, Plaintiffs are unable to secure any additional rebuttal expert witness testimony to respond to the three new experts proposed by Defendant. Further, Plaintiffs are unable to depose any of the three experts within the discovery period with the knowledge of what their reports will contain. Defendant's insufficient disclosures have deprived Plaintiffs of the opportunity to fully review the experts' opinions and prepare for effective cross examination. *Mobile Shelter*, 845 F. Supp. 2d at 1251. As such, Defendant has not shown that its failure to disclose was harmless. *See OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008) (finding expert's affidavit which provided "no meaningful analysis of how and why [the defendant's] actions breached the standard of care [as the expert opined]" did not satisfy Rule 26); *Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1323–24 (11th Cir. 2008) (concluding the trial court did not abuse its discretion when it excluded expert reports which failed to comply with the requirements of Rule 26(a)(2)(B)).

Accordingly, it is **ORDERED** that Plaintiffs' Motion to Strike Defendant's Experts Durham, Stein, and Spruance, and Preclude Any Testimony Therefrom for Non-Compliance with Rule 26(a)(2) and This Court's Case Management Order is **GRANTED**.

**DONE** and **ORDERED** in Tampa, Florida, on July 10, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record