UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON FOX and CHRISTINA
FOX,                                                                          CASE NO.: 8:16-cv-2665-SDM-JSS

        Plaintiffs,

v.

SAFECO INSURANCE COMPANY
OF ILLINOIS,

        Defendant.
_____/

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S EXPERT WILLIAM ENGLAND AND PRECLUDE ANY TESTIMONY THEREFROM FOR NON-COMPLIANCE WITH RULE 26(a)(2) AND THIS COURT'S CASE MANAGEMENT ORDER**

Plaintiffs briefly reply only to correct certain factual inaccuracies contained in Safeco's Response (Dkt. 60). Four weeks ago, in one of Safeco's motions to extend its expert disclosure deadline, Safeco made certain unsupported factual contentions, where reasonable inquiry should have revealed to Safeco that such facts were inaccurate. *See* Fed. R. Civ. P. 11(b).[1] Specifically, Safeco took the position that "Plaintiffs' counsel has indicated that despite Defendant's Rule 35 motion and this Court's order granting Defendant's motion for this appointment [with Defendant's expert, Dr. Vanderploeg], that Plaintiff Jason Fox has not had notice of this appointment." (Dkt. 49 at 2). Safeco made this representation despite the fact that earlier on that same day, Plaintiffs' counsel had

---

[1] Plaintiffs are not seeking sanctions under Rule 11 as part of this Motion, as such motions for sanctions must be filed separately and in compliance with Rule 11(c)(2). However, Plaintiffs reserve the right to file such a motion.

already specifically reaffirmed that Mr. Fox would be attending Dr. Vanderploeg's examination on July 6, 2017. **Exhibit A**.

In response, Plaintiffs sent Safeco's counsel an email unambiguously requesting that this representation be corrected or that Plaintiffs would seek sanctions. **Exhibit B**. However, before Plaintiffs could have filed a motion under Rule 11, this Court entered an order resolving the issue (Dkt. 50), and Plaintiffs decided to give grace rather than further bog down this litigation with an issue this Court already did not find compelling.

Unfortunately, it appears that grace was extended needlessly. In response to the motion at bar, Safeco made several other misrepresentations which—like the statement that Mr. Fox would not appear at the Vanderploeg examination—seem solely calculated to impugn Mr. Fox (or his counsel) in an attempt to excuse Safeco's failure to comply with the Rules of Civil Procedure and this Court's orders and deadlines. While Plaintiffs showed grace last month, Plaintiffs now ask the Court to hold Safeco to the standard of candor and truthfulness required by members of this Court.

In Response to the instant motion, Safeco took the position that Mr. Fox "is refusing to schedule interviews and/or other matters during the pendency of this Motion to Strike, even though during some of the time discovery was still (sic) remains open." (Dkt. 60 at 5). This is false in several ways. First, during the pendency of this motion to strike (Dkt. 52), which was filed on July 7, 2017, discovery was never open. This Court's discovery cutoff was June 19, with the limited exception of certain Rule 35 examinations and Defendant's expert disclosures. (Dkts. 14–15, 21, 38). Second, and more importantly, is Safeco's contention that Mr. Fox refused to schedule or conduct interviews during the

pendency of this motion. To be clear, the only interview or other matter that Safeco sought from Mr. Fox during pendency of this motion was an interview with Mr. Spruance, ***which occurred on July 10 at 10:00am*** despite a motion to strike pending against Mr. Spruance which this Court granted later that day. (Dkts. 45, 53). In the two months before that July 10 exam, Mr. Fox attended a total of <u>*six*</u> medical examinations by Safeco's experts. Six examinations in sixty days, after Safeco did not request an examination of Plaintiff until May 11, 2017—eight months after Safeco removed this case to this Court and five days before Safeco's expert disclosure deadline.

Safeco's excuses are unavailing. As Plaintiffs have pointed out here and elsewhere, Safeco did not ***request*** a Rule 35 examination of Mr. Fox until May 11, 2017—***five days before their expert disclosure deadline***. Their attempt to now blame Mr. Fox for not being able to completely clear his calendar to accommodate Safeco's tardiness is a profound failure of personal responsibility on their part.[2] While Plaintiffs were under no compulsion to agree to examinations or continue coordinating schedules while motions to strike were pending, Plaintiffs did so because it was in keeping with Plaintiffs' understanding of the professionalism and collegiality that this Court demands. For Safeco to now claim—demonstrably falsely at that—that Plaintiffs were uncooperative and that the lack of cooperation should somehow excuse Safeco's failure to comply with this Court's orders defies comprehension.

---

[2] Safeco says its "expert has been hampered from completing testing and providing written reports due to lack of cooperation from the Plaintiff." (Dkt. 60 at 5). Its Response goes on to claim that these "reports [] are late due to the direct actions of the Plaintiff himself." *Id.*

To make matters worse, Safeco is continuing to provide belated expert materials for Mr. England and others far beyond this Court's graciously extended June 30 deadline. As recently as five days ago, on July 19, 2017, Safeco again unilaterally supplemented its expert disclosures as to Mr. England, despite Safeco's already-extended deadlines having long since passed. **Exhibit C**. Five days before that—and again outside Safeco's court-ordered deadline—Safeco also supplemented its expert disclosure of Dr. Vanderploeg. **Exhibit D**. Expert disclosure deadlines exist for a reason, especially less than three months before trial. And failure to comply must have a consequence, lest the deadline itself be meaningless.

For all the reasons set forth in Plaintiffs' initial motion and here in reply, this Court should grant Plaintiffs' motion and strike Mr. England.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed and served using this Court's CM/ECF system on this  24th  day of July, 2017 to the attached Service List.

/s/ Brent R. Bigger
Brent R. Bigger, ESQUIRE
Florida Bar No.: 823961
Shane A. Newlands, ESQUIRE
Florida Bar No.:116908
**KNOPF BIGGER**
511 West Bay Street, Suite 450
Tampa, FL 33606
Phone: (813) 609-2993
Facsimile: (813) 864-6777
Primary Email: brent@knopfbigger.com
Secondary Email: shane@knopfbigger.com
Additional Email: janice@knopfbigger.com
*Counsel for Plaintiffs*

**SERVICE LIST**

MELISA L. BODNAR, TRIAL COUNSEL
Florida Bar No. 997234
Law Office of Glenn G. Gomer
Meridian One, Suite 900
4350 West Cypress Street
Tampa, FL 33609
Telephone: (813) 868-8127
Fax Number: (603) 334- 7167
Primary E-mail (eservice only): TampaLegalMail@libertymutual.com
Secondary E-mail: Melisa.Bodnar@libertymutual.com
Attorney for Defendant