UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON FOX and CHRISTINA
FOX,                                                    CASE NO.: 8:16-cv-2665-SDM-JSS

    Plaintiffs,

v.

SAFECO INSURANCE COMPANY
OF ILLINOIS,

    Defendant.
_____/

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S EXHIBITS 72-2 AND 72-3
FOR FAILURE TO COMPLY WITH COURT ORDER AND FED. R. CIV. P. 36(b)**

   In response to Plaintiffs' Motion for Summary Judgment on Defendant's Fourth

and Seventh Affirmative Defenses (Dkt. 58), which relied in part on Safeco's responses to

Plaintiffs' requests for admissions (*see* Dkt. 58 at 2–3, 6–7; *see also* Dkts. 58-2, 58-4),

Safeco filed exhibits 72-2 and 72-3, which seem to represent what Safeco wishes it would

have said in response to requests for admissions in this case. Safeco's Response to

Plaintiff's Motion for Summary Judgment was filed on August 1. (Dkt. 72). Safeco's

exhibits, as is apparent from the Certificate of Service on those exhibits, were first served

to Plaintiffs on August 1.[1] (Dkts, 72-1–72-3). The discovery deadline in this case was June

19. (Dkts. 14, 21). Safeco has never moved for an extension of time to complete discovery

nor did it ask for leave of court to serve discovery supplements outside the discovery

period. In fact, it was only after Plaintiffs had a telephonic call about this motion to strike

---

[1] These responses were in fact first served to Plaintiffs about an hour after Plaintiffs saw them as exhibits to this motion.

1

with Safeco's counsel that Safeco hurriedly filed a "Motion for Leave to Supplement and Correct its Discovery Responses." (Dkt. 74). In that motion, which Safeco contends "is authorized by Florida Rule of Civil Procedure 1.190(a)" (Dkt. 74 at 1), Safeco fails to cite any cases, fails to identify the correct rule of procedure (Rule 36(b)) that governs its attempt to withdraw its admissions, and fails to apply the *Perez* two-step to the facts at bar. *See Perez v. Miami-Dade County*, 297 F.3d 1255, 1263–64 (11th Cir. 2002).

Safeco's Response (Dkt. 72) relies on "summary judgment evidence" that was neither properly served nor filed. It attempts to attack issues long since decided by its own admissions. Because these exhibits were all served in violation of this Court's scheduling order (Dkt. 15) and contrary to the Federal Rules of Civil Procedure, Plaintiffs request that the Court strike these exhibits.[2]

## **Memorandum of Law**

The parties have a duty to "conform to the deadlines proposed in the case management report." (Dkt. 15). Once the Court enters a scheduling order, the parties must obey it. Should a party wish to modify the scheduling order, it may only do so "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). If a party "fails to obey a scheduling . . . order . . . the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f).

---

[2] The importance of these admissions and the prejudice suffered by Plaintiffs at Safeco's last-minute attempt to change them has been laid out in depth in Plaintiffs' motions directed at summary judgment. (Dkts. 58, 69–70). Rather than belabor the point here, Plaintiffs incorporate those motions and argument.

District courts "are entitled to broad discretion in managing pretrial discovery matters. *Perez*, 297 F.3d at 1263. "Given the caseload of most district courts . . . district courts must have discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion." *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11st Cir. 2002). This broad discretion underlies the Court's authority to set—and enforce— deadlines such as the discovery deadline. *See id.*; Fed. R. Civ. P. 16(b)(4).

Requests for admissions are of particular importance to orderly progression of litigation because they function to narrow and clarify the disputed issues for trial. *Perez*, 297 F.3d at 1264 (citing 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2252 (2d. ed 1994)). Once the matter is admitted, "Rule 36(b) provides that it is 'conclusively established unless the court on motion permits withdrawal or amendment of the admission.'" *Id.*

Here, Safeco served amended responses to Plaintiffs' Request for Admissions on August 1, 2017—six weeks after this Court's June 19, 2017 discovery deadline, and only because Plaintiffs had cited those admissions in a hostile motion for summary judgment. (*See* Dkt. 72). Dkt. 72-2, styled a "Supplemental and Corrected" response to Plaintiffs' Request for Admissions, was filed and served on August 1 without leave of court, and changes Safeco's initial answers—all of which were "Admit"—to "Denied as stated." (Dkt. 72-2). Because no motion to withdraw admissions was filed, Dkt. 72-2 ought to be stricken as in violation of Rule 36(b) and this Court's scheduling order.

Dkt. 72-3, also a "Supplemental and Corrected" response to Plaintiffs' requests for admissions, does not even include Safeco's original answer, instead substituting a much

more particular denial for Safeco's original nonspecific response, which was "Deny." (Dkt. 58-4). The far more specific denial is as a result of Plaintiffs' Motion for Summary Judgment, which claimed that Safeco failed to preserve its "conditions precedent" defense for failing to identify it with specificity. (Dkt. 58). Because no motion to amend or supplement discovery outside the discovery period was filed until after Plaintiffs conferred with Safeco's counsel about their intent to strike these improperly filed responses, Dkt. 72-3 ought to be stricken as in violation of this Court's scheduling order as well.

Failure to comply with a court's scheduling order is grounds for imposing sanctions. Fed. R. Civ. P. 16(f). In this case, Safeco has utterly ignored the dictates of the Court's scheduling order by consistently filing and serving discovery outside of this court's deadlines. On July 11, 2017, Safeco filed belated "supplemental initial disclosures," which it then used seven days later in its motions for summary judgment. Then, after Plaintiffs took the position that Safeco's discovery responses worked a waiver of two of Safeco's defenses (Dkt. 58), Safeco blithely submits retractions of its admissions on August 1 without leave of court, and only files a motion for leave to file amended discovery after Plaintiffs' counsel's advice that under the law, such a motion is required. Because Plaintiffs are now forced to file this motion because of Safeco's intransigent insistence that it rely on improperly served discovery, Safeco lacks substantial justification for its actions and sanctions are proper.

Safeco's attempt to belatedly change its responses given throughout discovery is egregiously prejudicial to Plaintiffs, who are now less than sixty days from trial in this matter. But that finding is not even a necessary predicate for this motion, which is much

simpler. Safeco attempted to amend requests for admission outside the discovery period without leave of court. That is improper. Safeco withdrew admissions without leave of court. That is also improper. Therefore, Dkts. 72-2 and 72-3 are not summary judgment evidence of the type which this Court can consider. Accordingly, Plaintiffs ask that this Court strike Dkts. 72-2 and 72-3 from the court file and not consider them in adjudicating Plaintiffs' Motion for Summary Judgment on Defendant's Fourth and Seventh Affirmative Defenses. (Dkt. 58).

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Plaintiffs conferred with counsel for Defendant today regarding the contents of this Motion. Defendant has not agreed to the relief sought herein.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed and served using this Court's CM/ECF system on this __4th__ day of August, 2017 to the attached Service List.

/s/ Brent R. Bigger
Brent R. Bigger, ESQUIRE
Florida Bar No.: 823961
Shane A. Newlands, ESQUIRE
Florida Bar No.:116908
**KNOPF BIGGER**
511 West Bay Street, Suite 450
Tampa, FL 33606
Phone: (813) 609-2993
Facsimile: (813) 864-6777
Primary Email: brent@knopfbigger.com
Secondary Email: shane@knopfbigger.com
Additional Email: janice@knopfbigger.com
*Counsel for Plaintiffs*

5

## SERVICE LIST

MELISA L. BODNAR, TRIAL COUNSEL
Florida Bar No. 997234
Law Office of Glenn G. Gomer
Meridian One, Suite 900
4350 West Cypress Street
Tampa, FL 33609
Telephone: (813) 868-8127
Fax Number: (603) 334- 7167
Primary E-mail (eservice only): TampaLegalMail@libertymutual.com
Secondary E-mail: Melisa.Bodnar@libertymutual.com
Attorney for Defendant