UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON FOX and CHRISTINA FOX,

    Plaintiffs,

v.        Case No: 8:16-cv-2665-T-23JSS

SAFECO INSURANCE COMPANY OF
ILLINOIS,

    Defendant.
_____/

## **ORDER ON PLAINTIFFS' MOTIONS TO STRIKE**

THIS MATTER is before the Court on Plaintiffs' Motion to Strike Defendant's Expert William England and Preclude Any Testimony Therefrom for Non-Compliance with Rule 26(a)(2) and This Court's Case Management Order ("Motion to Strike Mr. England") (Dkt. 52), Plaintiffs' Motion to Strike Defendant's Expert Rodney Vanderploeg and Preclude Any Testimony Therefrom for Non-Compliance with Rule 26(a)(2) and this Court's Case Management Order ("Motion to Strike Dr. Vanderploeg") (Dkt. 55), Defendant's responses in opposition (Dkts. 60, 61), and Plaintiffs' reply (Dkt. 65).

### BACKGROUND

Plaintiffs sued Defendant asserting underinsured motorist and consortium claims arising out of a June 9, 2015, automobile accident involving Plaintiff Jason Fox. (Dkt. 2.) The case was filed with the Court on September 16, 2016, and the parties were permitted to proceed with discovery as early as November 8, 2016, after they filed their Joint Case Management Report ("CMR"). *See* Fed. R. Civ. P. 26(d)(1). Although the parties have had ample time to conduct discovery, they have sought numerous extensions of the discovery deadlines and thereafter failed to comply with certain deadlines and disclosure requirements as explained below.

On November 9, 2016, the Court entered the Case Management and Scheduling Order ("Scheduling Order") and scheduled the case for the October 2017 trial term. (Dkts. 14, 15.) Pursuant to the Scheduling Order, the discovery deadline was May 19, 2017, and the expert disclosure deadline was March 3, 2017, for Plaintiffs and March 17, 2017, for Defendant. (Dkt. 14, 15.) The supplemental disclosure deadline for all parties was March 31, 2017. (Dkts. 14, 15.) The parties later filed a Joint Motion to Extend Deadlines, which the Court granted, extending the discovery period through June 19, 2017, and extending the deadlines for expert disclosures to May 2, 2017, for Plaintiffs and May 16, 2017, for Defendant. (Dkts. 20, 21.) The deadline for dispositive motions was extended through July 19, 2017, and the deadline for *Daubert* motions was extended through July 30, 2017. (Dkts. 20, 21.) Subsequently, Plaintiffs' deadline to disclose experts was further extended through May 16, 2017, upon Plaintiffs' unopposed motion requesting the extension. (Dkts. 25–26.) The deadline for supplemental disclosures for all parties was extended through May 30, 2017. (Dkts. 20, 21.)

On May 17, 2017, Defendant requested an extension for four defense experts, including neuropsychologist Dr. Vanderploeg and vocational rehabilitation expert Mr. England, to conduct examinations of Plaintiff Jason Fox and serve expert reports. (Dkt. 29.) Specifically, Defendant sought an extension through June 30, 2017, for Mr. England to complete examinations of Plaintiff and provide his expert report. (Dkt. 32, 34.) Defendant further sought an extension through July 6, 2017, for Dr. Vanderploeg to conduct his examination and provide his expert report. (Dkt. 33.) The Court granted Defendant's extension requests for the limited purpose of allowing the experts to examine Plaintiff and submit their reports. (Dkt. 38.)

On June 30, 2017, Defendant sought further extensions for Dr. Vanderploeg and Mr. England to complete their expert reports. (Dkt. 49.) The Court granted Defendant an extension

through July 7, 2017, for Dr. Vanderploeg's report but declined to grant an additional extension for Mr. England's report as it was unclear why Mr. England was unable to complete his testing and report within the June 30, 2017, deadline. (Dkts. 49, 50.)

Plaintiffs now seek to strike Mr. England and Dr. Vanderploeg on the grounds that Defendant's expert disclosures were insufficient and untimely under Federal Rule of Civil Procedure 26 and the Court's Orders. (Dkts. 52, 55.) Plaintiffs contend that Defendant did not produce a Rule 26 report for Mr. England within the June 30, 2017, deadline. (Dkt. 52 at 2.) Instead, Defendant provided Mr. England's report on July 6, 2017, and supplemented the report on July 19, 2017. (Dkt. 66 at 3.) Plaintiffs further contend that Dr. Vanderploeg's expert report should be stricken. Specifically, Defendant sent Plaintiffs a two-page letter from Dr. Vanderploeg on July 7, 2017. (Dkt. 55 at 2.) Although this letter was within the Court's deadline for Dr. Vanderploeg's disclosure, Plaintiffs assert that the letter is insufficient and does not comply with Rule 26. (Dkt. 55 at 2.) Plaintiffs further argue that Defendant's July 14, 2017, supplemental report for Dr. Vanderploeg is untimely. (Dkt. 65 at 4.) Plaintiffs argue that Defendant's failure to comply with Rule 26 and this Court's deadlines has resulted in prejudice because trial in the matter is set to occur in October 2017. (Dkt. 65 at 4.) Plaintiffs therefore seek to strike Mr. England and Dr. Vanderploeg as expert witnesses.

**APPLICABLE STANDARDS**

Federal Rule of Civil Procedure 26 requires parties to disclose the identity of any expert witness it may use to present evidence at trial. Fed. R. Civ. P. 26(a)(2)(A). For experts "retained or specifically employed to provide expert testimony," the expert disclosure must be accompanied by a signed, written report that contains the following: "a complete statement of all opinions the witness will express and the basis and reasons for them," "the facts or data considered by the

witness in forming them," "any exhibits that will be used to summarize or support them," "the witness's qualifications, including a list of all publications authored in the previous 10 years," "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition," and "a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). Expert disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

The parties must supplement their expert disclosures in accordance with Rule 26(e). Rule 26(e) requires a party to supplement or correct its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Any additions or changes to an expert's report or to information given during the expert's deposition "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2).

Pursuant to Rule 37(c)(1), a failure to disclose may result in exclusion of the information "unless the failure was substantially justified or is harmless." Substantial justification exists if there is "justification to a degree that could satisfy a reasonable person that parties differ as to whether the party was required to comply with the disclosure request." *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010) (quotation and citation omitted). A harmless failure to disclose exists "when there is no prejudice to the party entitled to receive the disclosure." *Id.* at 683.

The court has broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1). *United States ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, No. 8:06-cv-00040-T-33MAP, 2009 WL 92826, at *3 (M.D. Fla. Jan. 14,

2009). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 Fed. App'x 821, 825 (11th Cir. 2009) (internal quotations omitted). In determining whether a failure to disclose evidence is substantially justified or harmless, courts are guided by the following factors: (1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250–51 (M.D. Fla. 2012) (explaining that "the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise," and "compliance with the requirements of Rule 26 is not merely aspirational").

## ANALYSIS

### A. Mr. England

On May 16, 2017, Defendant disclosed Mr. England as its expert in vocational rehabilitation and included his qualifications, a list of other cases in which he previously testified, and a statement of his compensation, as required by Rule 26(a)(2)(B). (Dkt. 66 at 2.) However, Defendant indicated that Mr. England's report would be provided "upon receipt." After Defendant requested two extensions to provide Mr. England's expert report, the Court's deadline for Mr. England's report was June 30, 2017. (Dkts. 29, 49, 50.) On July 6, 2017, Defendant provided Plaintiffs with Mr. England's expert report, including his opinions on labor market survey research, job accommodation, and Plaintiff's vocational testing results. On July 19, 2017, Defendant supplemented Mr. England's report with the vocational testing findings and recommendations provided by vocational evaluator Daniel Giles. (Dkt. 65-3.)

### 1. *July 6, 2017 Report*

Plaintiffs contend that Defendant did not timely produce an expert report for Mr. England by the Court's June 30, 2017 deadline as his first report was produced on July 6, 2017. Plaintiff Jason Fox attended Mr. England's examination on June 9, 2017. (Dkt. 52.) On the day of the examination, Plaintiffs were told that Mr. England would require two more examinations, including an interview on July 10, 2017, a date past the deadline for Mr. England's expert report. (Dkt. 52 at 6.) As this Court previously noted, it was unclear why Mr. England was unable to complete his testing on June 9, 2017. (Dkt. 50 at 4.) Plaintiffs argue that Defendant lacks substantial justification for Mr. England's late report and the untimely report prejudices Plaintiffs as trial is scheduled to occur in less than three months. (Dkt. 52 at 6.)

In response, Defendant states that Mr. England's additional testing after the June 9, 2017, examination "was necessary in order to complete the testing once the initial interview was completed." (Dkt. 60 at 2.) Specifically, Defendant contends that a specific process is adhered to in order to comply with industry standards and published methodology. This specific process requires one interview session and one vocational testing session with Plaintiff. (Dkt. 60 at 2.) Defendant asserts that "under the time constraints, the most expedient vocational evaluation possible was provided." (Dkt. 60 at 2.) According to Defendant, Mr. England's evaluation of Plaintiff Jason Fox and completion of his expert report was hampered due to the lack of cooperation from Plaintiffs. Without further explanation, Defendant alleges Plaintiffs failed to provide "raw data," the listing of tests completed by Plaintiffs' expert, and refused to schedule interviews during the pendency of the Motion to Strike Mr. England. (Dkt. 60 at 5.) Defendant further asserts that Mr. England's report was late due to the direct actions of Plaintiffs. (Dkt. 60 at 5.) Defendant contends that there is no prejudice because Defendant has offered to make Mr.

England available for deposition prior to trial, although Plaintiffs have not attempted to schedule the deposition. (Dkt. 60 at 3.)

In their reply, Plaintiffs argue that Defendant has misrepresented the facts in its attempt to justify the late disclosure of Mr. England's report. (Dkt. 65 at 2.) First, Plaintiffs state that they cooperated in scheduling Defendant's experts' examinations of Plaintiff Jason Fox. Plaintiffs assert that the only examination by an expert during the pendency of the Motion to Strike Mr. England was an interview by Defendant's expert Mr. Spruance, which occurred on July 10, 2017, despite a motion to strike against Mr. Spruance. (Dkt. 65 at 3.) Plaintiffs further contend that Plaintiff Jason Fox cooperated in attending six medical examinations by Defendant's experts prior to Mr. Spruance's examination. (Dkt. 65 at 3.) Plaintiffs also make the point that Defendant did not request dates for its experts' examinations until May 11, 2017, only five days before their expert disclosure deadline at the time. (Dkt. 65 at 3.) Thus, Plaintiffs argue that Defendant's arguments are unavailing.

Because Defendant failed to timely disclose Mr. England's July 6 report, the Court must determine whether Defendant's failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). In light of the above arguments, Defendant has not shown that its untimely disclosure was substantially justified. Despite Defendant's argument that "the most expedient vocational evaluation possible was provided," Defendant did not request dates for Mr. England's examination until five days before the expert disclosure deadline at the time. (Dkt. 65 at 3.) Further, Defendant's contention that Plaintiff failed to cooperate in scheduling Mr. England's evaluation is unpersuasive, particularly given the absence of any motion to compel the examination. Therefore, Defendant's untimely disclosure is not substantially justified.

However, the Court finds Defendant's untimely disclosure of Mr. England's report was harmless. Mr. England's July 6 report was produced one week after the Court's deadline. Plaintiffs were in possession of Mr. England's report prior to the deadlines for dispositive and *Daubert* motions. (Dkts. 20, 21.) Further, the report was disclosed three months prior to trial. Moreover, striking an expert is a drastic remedy, *Shaw v. Pizza Hut of Am., Inc.*, No. 808-CV-27-T-24EAJ, 2009 WL 1228440, at *2 (M.D. Fla. May 4, 2009), especially when other remedies are available to cure any prejudice, *Lake v. Tenneco, Inc.*, No. 8:06-CV-1462-T24TBM, 2007 WL 5339379, at *1 (M.D. Fla. July 19, 2007). Thus, to ameliorate any prejudice to Plaintiffs, the Court will re-open discovery for the limited purpose of allowing Plaintiffs to take the deposition of Mr. England. *See Engle v. Taco Bell of Am., Inc.*, No. 8:09-CV-2102-T-33TBM, 2011 WL 883639, at *2 (M.D. Fla. Mar. 14, 2011) (declining to strike a party's untimely disclosed experts but reopening discovery to allow plaintiffs to depose the experts before trial, reasoning that "[t]he reopening of discovery cures any prejudice that [plaintiffs] may have sustained due to untimely disclosures"). The deposition must be conducted no later than thirty days of this Order.

### 2. July 19, 2017 Report

Defendant supplemented Mr. England's disclosure with a vocational evaluation testing report on July 19, 2017. (Dkt. 60 at 3); (Dkt. 65-3.) An expert report may not be supplemented, pursuant to Rule 26(e), to cure a major omission or to remedy an expert's inadequate or incomplete preparation. *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-CV-947-J-34HTS, 2009 WL 1139575, at *2 (M.D. Fla. Apr. 27, 2009); *see, e.g.*, *Mobile Shelter*, 845 F. Supp. 2d at 1248–52 (excluding expert's untimely second report, which included opinions regarding claims that were not addressed in the initial report); *K & H Dev. Grp., Inc. v. Howard*, 255 F.R.D. 562, 567–68 (N.D. Fla. 2009) (striking an expert's "supplemental" report that included a new theory of

damages, which was based on information that was available when the expert prepared his initial report); *cf. In re Accutane Prods. Liab. Litig.*, No. 8:04-MD-2523T30TBM, 2007 WL 201091, at *1 (M.D. Fla. Jan. 24, 2007) (denying motion to strike supplemental expert report where the report revealed additional literature review and, in some areas, a degree of new or additional rationale in support of the expert's conclusions, but the core opinions remained the same). Rather, Rule 26(e)(1)(A) requires supplementation in situations where "the party learns that in some material respect the [original] disclosure or response is incomplete or incorrect[.]" Thus, Rule 26(e) imposes a duty on parties to supplement existing expert disclosures when the disclosing party learns that its disclosure is incorrect or incomplete. *See Goodbys Creek*, 3:07-CV-947-J-34HTS, 2009 WL 1139575, at *2. Moreover, "Rule 26 imposes a duty on parties to comply with the disclosure deadlines. It grants them no right to produce information in a belated fashion." *Mobile Shelter*, 845 F. Supp. 2d at 1250 (internal citations and quotations omitted).

Despite Defendant's contention that Mr. England's July 19 report was supplemental, the Court finds that the report was not a supplemental report required under Rule 26(e). Defendant provided Plaintiffs with Mr. England's opinions regarding the vocational testing on July 6, 2017. Thus, Defendant was clearly in possession of the vocational testing details on July 6 as it was able to provide Mr. England's opinions regarding the testing. Under these facts, Defendant cannot use the requirement to supplement to complete the report. *See Mobile Shelter*, 845 F. Supp. 2d at 1250; *Goodbys Creek*, 2009 WL 1139575, at *2.

Next, it is unclear why Defendant did not disclose the detailed vocational testing results with the July 6 report. The vocational testing was conducted on June 29, 2017, and the results of the testing were specifically explained in Mr. England's July 6 report. Furthermore, the report provided to Plaintiffs on July 19, 2017, is dated June 29, 2017. (Dkt. 65-3.) Defendant offers no

clear explanation for this discrepancy. Therefore, Defendant fails to show substantial justification for the untimely disclosure of Mr. England's July 19 report.

Further, Defendant's untimely disclosure is not harmless. In contrast to Mr. England's July 6 report, the July 19 report was disclosed three weeks past the Court's deadline. The difference in timing here is significant as July 19 was also the deadline for the parties' dispositive motions. (Dkts. 20, 21.)

The Court also notes that Mr. England's July 19 report appears to be authored by Daniel Giles. (Dkt. 65-3.) For example, the report states that the vocational testing was administered by vocational evaluator Daniel Giles. (Dkt. 65-3 at 6.) Moreover, the report is signed by Daniel Giles, not Mr. England. (Dkt. 65-3 at 10.) Defendant did not disclose Daniel Giles as an expert in this matter. Further, Defendant has failed to demonstrate that its non-disclosure of Daniel Giles was either substantially justified or harmless. *See Reese v. Herbert*, 527 F.3d 1253, 1264–65 (11th Cir. 2008) (affirming exclusion of affidavit from non-disclosed expert); *Cruz v. United States*, 12-21518-CIV, 2013 WL 246763, at *3 (S.D. Fla. Jan. 22, 2013) (granting defendant's motion to strike non-disclosed expert); *Blythe v. Fifth Third Bank*, 6:08-cv-391-Orl-18DAB, 2010 WL 11432601, at *2–3 (M.D. Fla. Jan. 19, 2010) (same).

Accordingly, because Defendant's failure to disclose the July 19 report as required by Rule 26(a)(2)(B) was not substantially justified nor harmless, Defendant is "not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1).

### 3. Dr. Vanderploeg

Defendant disclosed Dr. Vanderploeg as its expert neuropsychologist on May 16, 2017. (Dkt. 66 at 2.) While Defendant's disclosure included Dr. Vanderploeg's qualifications, a list of other cases in which he previously testified, and a statement of his compensation, it did not include

Dr. Vanderploeg's expert report. (Dkt. 66 at 2.) Defendant subsequently requested two extensions to provide Dr. Vanderploeg's expert report. (Dkts. 29, 33, 49.) The Court ultimately granted an extension for Dr. Vanderploeg's report through July 7, 2017. (Dkt. 50.) On July 7, 2017, Defendant provided Plaintiffs with Dr. Vanderploeg's report in the form of a two page letter authored by Dr. Vanderploeg. (Dkt. 55-1.) On July 14, 2017, Defendant supplemented Dr. Vanderploeg's letter with an eighteen page report. (Dkt. 65-4.)

### 1. July 7, 2017 Report

In his July 7 report, Dr. Vanderploeg states that although he had "not had an opportunity to complete [his] final report with the record review summary and description of cognitive and psychological test performance in detail," the letter provided his "overall conclusions." (Dkt. 55-1.) Dr. Vanderploeg then briefly addresses Plaintiff Jason Fox's subject vehicle accident and his medical treatment for a concussion sustained from the accident. (Dkt. 55-1.) Specifically, Dr. Vanderploeg notes that Plaintiff's treating neurologist had him discontinue his attention deficit hyperactivity disorder ("ADHD") medicine after the accident, leading to his ADHD symptoms to be misattributed as concussion related difficulties. (Dkt. 55-1.) Dr. Vanderploeg then details his opinions and conclusions regarding his neuropsychological evaluation of Plaintiff Jason Fox. (Dkt. 55-1.) For example, Dr. Vanderploeg opines that Plaintiff has a clinically significant depressive disorder, characterized by affective physiological signs of depression. (Dkt. 55-1.) Dr. Vanderploeg further opines Plaintiff's chronic pain problems and depression interact with residual ADHD symptoms resulting in problems with focused and sustained attention and forgetfulness. (Dkt. 55-1.) Dr. Vanderploeg concludes that Plaintiff's neuropsychological test results are consistent with ADHD problems in focusing and maintaining attention, amplified by the attention and mental focus difficulties associated with chronic pain conditions and major depression.

However, according to Dr. Vanderploeg, there is no indication of any current brain injury or dysfunction related to the subject vehicle accident. (Dkt. 55-1.) Dr. Vanderploeg then cites seven sources at the end of his letter. (Dkt. 55-1).

2. *July 14, 2017 Report*

On July 14, 2017, Defendant provided Plaintiffs with an eighteen-page report by Dr. Vanderploeg, labeling it as Dr. Vanderploeg's "Final Report." (Dkt. 65-4.) The Final Report includes a thorough summary of Dr. Vanderploeg's review of Plaintiff's medical records, information on Plaintiff's social, educational, and vocational background, Dr. Vanderploeg's observations of Plaintiff during the examination, an extensive description of the neuropsychological and psychological examination results, and Dr. Vanderploeg's opinions and conclusions. (Dkt. 65-4.) Dr. Vanderploeg's overall conclusions were identical to those found in his July 7 letter. Specifically, Dr. Vanderploeg concluded that Plaintiff's neuropsychological test results are consistent with ADHD problems in focusing and maintaining attention, amplified by the attention and mental focus difficulties associated with chronic pain conditions and major depression, but there is no indication of any current brain injury or dysfunction related to the subject vehicle accident. (Dkt. 65-4 at 21.) Dr. Vanderploeg also cites to the same seven sources referenced in his July 7 letter. (Dkt. 65-4 at 22.)

3. *Discussion*

In their Motion to Strike Dr. Vanderploeg, Plaintiffs argue that Dr. Vanderploeg's July 7 letter does not comply with Rule 26. Plaintiffs contend that Dr. Vanderploeg merely provides overall conclusions without the basis and reasons therefor. (Dkt. 55 at 6.) Plaintiffs assert that while Dr. Vanderploeg references the neuropsychological test results from his examination of Plaintiff, he does not indicate which tests were done or what results were obtained. (Dkt. 55 at 6.)

Further, Plaintiffs argue that Dr. Vanderploeg's letter contains no evidence of any examination of Plaintiff. (Dkt. 55 at 6.) Plaintiffs assert that they are prejudiced because trial scheduled to commence in less than three months. (Dkt. 55 at 8.) Plaintiffs further argue that there must be consequences for Defendant's failure to comply with the Court's expert disclosure deadline. (Dkt. 65.)

In response, Defendant asserts that there is no prejudice to Plaintiffs because they were in possession of Dr. Vanderploeg's conclusions within the Court's July 7, 2017, deadline. (Dkt. 61 at 4.) Defendant also argues that Plaintiffs are now in possession of Dr. Vanderploeg's "final and more comprehensive report." (Dkt. 61 at 4.) Similar to Defendant's argument regarding Mr. England, Defendant asserts that Plaintiffs were not cooperative in scheduling Dr. Vanderploeg's examination and failed to provide Defendant with the "raw data" and listing of tests completed by their experts. (Dkt. 61 at 6.) Defendant again argues that there is no prejudice because Defendant has offered to make its experts, including Dr. Vanderploeg, available for deposition prior to trial, although Plaintiffs have not attempted to schedule the deposition. (Dkt. 61 at 4.)

With regard to Dr. Vanderploeg's July 7 letter, to the extent the letter was an initial expert report, the report was timely and included Dr. Vanderploeg's opinions and overall conclusions. However, the report did not include the facts and data considered by Dr. Vanderploeg in forming his opinions as required by Rule 26(a)(2)(B). Further, Defendant makes no argument that the report includes the required facts and data, but rather asserts that Plaintiffs were in possession of Dr. Vanderploeg's conclusions on July 7, 2017. (Dkt. 61 at 3.) Therefore, the July 7 letter was deficient under Rule 26(a)(2)(B).

Conversely, Dr. Vanderploeg's July 14 Final Report includes the elements required by Rule 26(a)(2)(B) for expert reports. However, the Final Report was provided to Plaintiffs one

week later than the Court's July 7, 2017, deadline. (Dkt. 61.) Defendant asserts that the Final Report was a supplemental expert disclosure. (Dkt. 61 at 2.)

As stated above, an expert report may not be supplemented, pursuant to Rule 26(e), to cure a major omission or to remedy an expert's inadequate or incomplete preparation. *Goodbys*, 2009 WL 1139575, at *2; *see, e.g., Mobile Shelter*, 845 F. Supp. 2d at 1248–52; *K & H Dev. Grp*, 255 F.R.D. 562, 567–68. Here, Defendant clearly intended the July 14 Final Report to add to Dr. Vanderploeg's incomplete July 7 report. Dr. Vanderploeg specifically states in his July 7 letter: "[a]lthough I have not had an opportunity to complete my final report with the record review summary and description of cognitive and psychological test performance in detail, this letter provides my overall conclusions." (Dkt. 55-1 at 3.) Further, he ends his letter by stating that he will complete his "final detailed report with record review and analysis of the specific scores and performance patterns on neuropsychological testing within the next week." (Dkt. 55-1 at 4.) Defendant did not learn of a deficiency in Dr. Vanderploeg's report and supplement it with correct information, as intended by Rule 26(e)(1)(A). Rather, Defendant knew the July 7 report was incomplete at the time it was produced. Defendant cannot use the duty of supplementation to remedy the deficient report and produce an untimely, complete report. *See Mobile Shelter*, 845 F. Supp. 2d at 1250; *Beauregard v. Cont'l Tire N. Am., Inc.*, 308-CV-37-J-32HTS, 2009 WL 1011121, at *2–3 (M.D. Fla. Apr. 15, 2009).

As Defendant failed to timely disclose Dr. Vanderploeg's complete report, Defendant must show that the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Defendant does not specifically argue that the incomplete and belated disclosures were substantially justified. Defendant does state, as addressed above, that Dr. Vanderploeg was "hampered from completing testing and providing written reports due to the lack of cooperation from the Plaintiff." (Dkt. 61

at 6.)  Defendant further states that Plaintiffs failed to provide raw data and tests completed by their experts.  (Dkt. 61 at 6.)  Plaintiffs assert that Defendant's claims are false and that Plaintiff Jason Fox attended six examinations by Defendant's experts within two months.  (Dkt. 65 at 3.) Without further explanation from Defendant, the Court finds Defendant's statements conclusory and unsubstantiated, particularly given the absence of a motion to compel Plaintiff's examination. Defendant has not provided an adequate explanation justifying its disclosure of Dr. Vanderploeg's July 7 report devoid of the facts and data required by Rule 26(a)(2)(B).  Nor has Defendant justified its untimely disclosure of Dr. Vanderploeg's July 14 Final Report.  Therefore, Defendant has failed to show substantial justification for Dr. Vanderploeg's incomplete initial report and untimely Final Report.  *See Bray & Gillespie IX, LLC v. Hartford Fire Ins. Co.*, No. 6:07-cv-326-Orl-KRS, 2008 WL 2477619, *3 (M.D. Fla. June 18, 2008).

Next, the Court must determine if Defendant's failure to disclose Dr. Vanderploeg's expert report timely was harmless.  Defendant provided Plaintiffs with Dr. Vanderploeg's letter on July 7, 2017.  (Dkt. 55-1.)  Thus, Plaintiffs were aware of Dr. Vanderploeg's final conclusions and opinions within the deadline for his disclosure.  As to the letter's failure to contain all the information required by Rule 26(a)(2)(B), Dr. Vanderploeg's Final Report, served one week after the deadline, contains the information missing from his letter.  (Dkt. 65-4.)  As such, although untimely, the disclosure is now complete.  Further, Plaintiffs were in possession of Dr. Vanderploeg's Final Report prior to the deadline for dispositive motions and two weeks prior to the July 30, 2017, deadline for *Daubert* motions.  (Dkts. 20, 21.)  Accordingly, Plaintiffs' Motion to Strike Dr. Vanderploeg is denied.

However, to ameliorate any prejudice to Plaintiffs, the Court finds it appropriate to reopen discovery for the limited purpose of permitting Plaintiffs to depose Dr. Vanderploeg.  *See Engle*,

2011 WL 883639, at *2. Defendant has previously offered to have Dr. Vanderploeg available for deposition. (Dkt. 61 at 4.) Plaintiffs' deposition of Dr. Vanderploeg must be completed within thirty days of this Order.

Accordingly, it is

**ORDERED**:

1. Plaintiffs' Motion to Strike Defendant's Expert William England and Preclude Any Testimony Therefrom for Non-Compliance with Rule 26(a)(2) and This Court's Case Management Order (Dkt. 52) is **GRANTED** in part and **DENIED** in part. The motion is granted as to Mr. England's July 19 report and denied as to Mr. England's July 6 report.

2. Plaintiffs' Motion to Strike Defendant's Expert Rodney Vanderploeg and Preclude Any Testimony Therefrom for Non-Compliance with Rule 26(a)(2) and This Court's Case Management Order (Dkt. 55) is **DENIED**.

3. Discovery is reopened for the limited purpose of permitting Plaintiffs to depose Mr. England and Dr. Vanderploeg, which depositions must be completed within thirty (30) days.

**DONE** and **ORDERED** in Tampa, Florida, on August 17, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record