UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO:  8:16-cv-02665-SDM-JS

JASON FOX and CHRISTINA FOX,
    Plaintiffs,

vs.

SAFECO INSURANCE COMPANY
OF ILLINOIS,
    Defendant.
_____/

## DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

    Defendant, SAFECO INSURANCE COMPANY OF ILLINOIS, ("Safeco") by and through undersigned counsel and pursuant to this Court's Order, dated August 7, 2017 (Doc. 77), submits this Reply to Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment.

    Plaintiffs overlook, or fail to understand, the applicable and essential part of the policy. Knowing of the tortfeasor's policy information is <u>not</u> the same as knowledge or notice of Plaintiffs' *agreement or intent* to settle with the torfeasor.  The underlying policy requires that the insured must promptly "notify us in writing by certified or registered mail of a tentative settlement between the insured and the insurer of the uninsured motor vehicle and allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such uninsured motor vehicle."

While Plaintiffs argue they were not given an opportunity to seek discovery on this issue, no further discovery is warranted. Plaintiffs' course of action cannot be undone and cannot change the outcome.  Plaintiffs had opportunities to seek discovery on all of the elements necessary to present their cause of action, but did not avail themselves of those opportunities.

The specific denial of performance of conditions precedent may be raised by motion, as well as by answer. In *Associated Mechanical Contractors, Inc. v. Martin K. Eby Construction Co.,* 271 F.3d 1309 (11th Cir.2001), the defendant raised, **at the summary judgment stage,** the plaintiff's failure to comply with the conditions precedent of a contract, and, *despite the general denial of a condition precedent* **and** *even though the denial was never amended*, the Court granted summary judgment.  Moreover, in *Jackson v. Seaboard Coast Line R.R.,* 678 F.2d 992 (11th Cir. 1982), the failure to satisfy a condition precedent was **not raised until after trial**.

In this action, Safeco denied that Plaintiffs complied with the conditions precedent in its Answer to the original Complaint and in its Answer to the Amended Complaint.  In responding to discovery, Safeco specifically denied that Plaintiffs met the conditions precedent and cited the policy as the factual basis for that denial. Plaintiffs' contention that it took this Safeco "at its word" and now allege "sandbagging" is without merit. If Plaintiffs had taken Safeco "at its word," they would have conducted additional discovery and investigation related to the denials set forth in the Answer to the Complaint and Amended Complaint.  Plaintiffs have confused coverage

with entitlement to payment of benefits. Safeco has not denied coverage and declining to pay benefits is not a denial of coverage.

In the matter before this Court, Plaintiffs now rely upon an affidavit from one of the tortfeasors that is wholly insufficient to make any determination as to solvency. Further, said affidavit was never produced or offered in Plaintiffs' discovery responses. The affidavit proffered by Plaintiffs fails to rebut the presumption created by Plaintiffs' omissions and errors. The affidavit does not reveal whether Ms. Nelsen and her husband are "judgment proof" – age alone is not enough. There is no evidence of life insurance, no financial information from the Nelsens, no evidence of who owned the vehicle involved in the collision, no evidence of whether any additional vehicles were owned at time of the collision, no evidence of any exemptions, etc. Further, Plaintiffs failed to even seek an insurance disclosure from the Nelsens or their carrier, and, if they did, they have failed to provide the information in discovery.

In the instant matter, Plaintiffs failed to provide the requisite written notice, via certified or registered mail, to Safeco and did not even attempt to obtain, much less actually obtain, Safeco's consent to settle or a waiver of its subrogation rights, prior to settling, and **releasing**, their claims against *both* Nelsens. Moreover, Plaintiffs have offered no proof of compliance with the statute or the policy. They cashed the check from Auto Club inside of 30 days from their March 29, 2016 letter. The March 29, 2016 letter does not seek Safeco's consent to settlement or a waiver of its subrogation, or even mention the UM/UIM statute (F.S. § 626.727). As a

result, Plaintiffs' UIM claims are barred, and, therefore Safeco is entitled to summary judgment, as a matter of law.

This 17th day of August, 2017.

_____
MELISA L. BODNAR, Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of August, 2017, the foregoing DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFFS' AMENDED COMPLAINT AND MEMORANDUM OF LAW was filed electronically, with the Clerk of the Court by using the CM/ECF systems which will send a notice of ECF to all counsel of records listed below:

**Plaintiff's Counsel:**
**BRENT R. BIGGER, ESQUIRE**
**SHANE A. NEWLANDS, ESQUIRE**
**KNOPF | BIGGER**
**511 West Bay Street, Suite 450**
**Tampa, FL 33606**
**Primary Email: brent@knopfbigger.com**
**Secondary Email: shane@knopfbigger.com**
**Secondary Email: janice@knopfbigger.com**

_____
MELISA L. BODNAR, TRIAL COUNSEL
Florida Bar No.: 0997234
Law Office of Glenn G. Gomer
4350 West Cypress Street, Meridian One, Suite 900, Tampa, FL 33607
Telephone: (813) 868-8127
Fax: (603) 334-7167
Primary e-mail (eservice only): TampaLegalMail@libertymutual.com
Secondary e-mail: Melisa.Bodnar@libertymutual.com