UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON FOX and CHRISTINA FOX,

    Plaintiffs,

v.                                               Case No: 8:16-cv-2665-T-23JSS

SAFECO INSURANCE COMPANY OF
ILLINOIS,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Defendant's Motion for Leave to Supplement and Correct Its Discovery Responses ("Motion to Supplement") (Dkt. 74) and Plaintiffs' Motion to Strike Defendant's Exhibits 72-3 and 72-3 for Failure to Comply with Court Order and Fed. R. Civ. P. 36(b) ("Motion to Strike") (Dkt. 75). A hearing was held on the Motion to Strike on September 14, 2017. For the following reasons, Defendant's Motion to Supplement is denied and Plaintiffs' Motion to Strike is granted.

## BACKGROUND

Plaintiffs sued Defendant asserting underinsured motorist and consortium claims arising out of a June 9, 2015, automobile accident involving Plaintiff Jason Fox. (Dkt. 2.) Pre-suit, Defendant provided insurance policy information and disclosures pursuant to Section 627.4137, Florida Statutes. (Dkts. 70-2, 70-3.) Within its sworn disclosure statement, Defendant stated that it was unaware of any policy or coverage defense, but Defendant agreed to supplement the disclosures should new information regarding coverage arise. (Dkt. 70-2 at 3.)

On November 9, 2016, the Court entered the Case Management and Scheduling Order ("Scheduling Order") and scheduled the case for the October 2017 trial term. (Dkts. 14, 15.)

Pursuant to the Scheduling Order, the discovery deadline was May 19, 2017. (Dkt. 14, 15.) The parties later filed a Joint Motion to Extend Deadlines, which the Court granted, extending the discovery period through June 19, 2017. (Dkts. 20, 21.) On April 19, 2017, Plaintiffs served Defendant with a Request for Admissions. (Dkt. 70-6.) In its Response to Request for Admissions, Defendant admitted the following:

> 2. Plaintiff, Jason Fox, was covered by an auto insurance policy #UF2399480 by Safeco Insurance Company of Illinois on June 9, 2015, which provided umbrella uninsured/underinsured motorist insurance for Mr. Fox at the policy Limits of $1,000,000.
>
> 4. As of June 9, 2015, all premiums due had been paid for Policy #UF2399480, issued by Safeco Insurance Company of Illinois, and policy #UF2399480 was in full force and effect.
>
> 11. Defendant, Safeco Insurance Company of Illinois, admits that no policy defenses exist pursuant to the policy #F2894187 held by Mr. Fox.
>
> 12. Defendant, Safeco Insurance Company of Illinois, admits that no policy defenses exist pursuant to the policy #UF2399480 held by Mr. Fox.
>
> 13. Defendant, Safeco Insurance Company of Illinois, admits that no coverage defenses exist pursuant to the policy #F2894187 held by Mr. Fox.
>
> 14. Defendant, Safeco Insurance Company of Illinois, admits that no coverage defenses exist pursuant to the policy #UF2399480 held by Mr. Fox.

(Dkt. 70-8.) On April 28, 2017, Plaintiffs served their Second Request for Admissions, asking Defendant to admit or deny that "Plaintiffs have complied with all conditions precedent to bringing this action against Safeco." (Dkt. 70-7.) Defendant denied the request with no further explanation. (Dkt. 70-9.)

On July 17, 2017, Plaintiffs filed their Motion for Summary Judgment on Defendant's Fourth and Seventh Affirmative Defenses ("Plaintiffs' Motion for Summary Judgment"). (Dkt. 58.) Defendant's fourth affirmative defense asserted that Plaintiffs failed to perform or allege all conditions precedent to the filing of this matter, and Defendant's seventh affirmative defense

asserted that Plaintiffs failed to state a claim upon which relief can be granted. (Dkt. 46 at 9.) In its argument for summary judgment, Plaintiffs relied, in part, on Defendant's responses to Plaintiffs' requests for admissions. (Dkt. 58.)

On August 1, 2017, in its Response in Opposition to Plaintiffs' Motion for Summary Judgment, Defendant filed amended responses to Plaintiffs' requests for admissions as exhibits. (Dkts. 72-2, 72-3.) In Defendant's amended responses, Defendant denied the above listed requests, stating that at the time of the subject accident, Plaintiff Jason Fox had a personal umbrella policy with Safeco Insurance Company of America (not Safeco Insurance Company of Illinois) that included excess underinsured motorist coverage with policy number UF2399480, with limits of $1,000,000. (Dkt. 72-2.) Defendant's amended responses further assert that Plaintiffs failed to meet the conditions precedent required by the subject insurance policies and by Section 627.727(6)(a), Florida Statutes. (Dkts. 72-2, 72-3.) Defendant also filed an amended response to Plaintiffs' Request for Production Number 6. (Dkt. 72-1.) Plaintiffs' Request for Production Number 6 requests a complete copy of the subject insurance policy. (Dkt. 72-1.) Defendant's initial response stated that a copy of the policy was attached to the response. (Dkt. 72-1.) In its amended response, Defendant states that Plaintiff Jason Fox's personal umbrella policy was with Safeco Insurance Company of America. (Dkt. 72-1.)

In short, Defendant amended its discovery responses for the first time in exhibits to its Response in Opposition to Plaintiffs' Motion for Summary Judgment, past the discovery deadline, past the dispositive motion deadline, more than a year after the case was filed, and without seeking leave from the Court. After filing the exhibits, Defendant filed its Motion to Supplement. (Dkt. 74.) Defendant seeks to amend its Response to Request for Admission, Response to Second Request for Admissions, Answer to Interrogatory Number 11, and Request for Production Number

11. (Dkt. 74.) In response, Plaintiffs filed their Motion to Strike, seeking to strike Defendant's Supplemental and Corrected Responses to Request for Admissions and Supplemental and Corrected Response to Second Request for Admissions. (Dkt. 75.)

**APPLICABLE STANDARDS**

Pursuant to Federal Rule of Civil Procedure 16(b)(3)(A), a case management and scheduling order must limit the time to complete discovery. Fed. R. Civ. P. 16(b)(3)(A). This deadline "may be modified only for good cause and with the judge's consent." *Id.* at 16(b)(4). "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.*, 503 Fed. App'x 683, 685 (11th Cir. 2013); M.D. Fla. Local R. 3.09(b) ("Failure to complete discovery procedures within the time established . . . shall not constitute cause for continuance unless such failure or inability is brought to the attention of the Court at least sixty (60) days in advance of any scheduled trial date and is not the result of lack of diligence in pursuing such discovery.").

With regard to requests for admissions, parties seeking to amend their responses must comply with Federal Rule of Civil Procedure 36. Pursuant to Rule 36, a matter admitted in response to a request for admission "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Further, "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

**ANALYSIS**

    **A.    Motion to Supplement**

        *1.    Rule 16(b)*

In its Motion to Supplement, Defendant does not address Rule 16(b) or whether there is good cause to allow its proposed amendments past this Court's deadline.  Rather, Defendant relies on the requirement to supplement under Rule 26(e)(1) to amend its discovery responses.  (Dkt. 74 at 1–2.)  A party must supplement or correct discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(A).  However, Defendant's duty to supplement discovery does not allow Defendant to ignore the scheduled deadlines set by the Court.  *See Cook v. Royal Caribbean Cruises, Ltd.*, 11-20723-CIV, 2012 WL 2319089, at *1 (S.D. Fla. June 15, 2012) ("The mere fact that Plaintiff believes she is or was under a duty to supplement her discovery disclosures does not mean that complying with the duty trumps deadlines in the case and permits trial use of post-deadline disclosures, prejudicial consequences notwithstanding.").

Defendant states that discovery in this matter was responded to prior to the filing of Plaintiffs' Amended Complaint on June 6, 2017.  (Dkt. 74 at 2.)  Defendant claims that when Plaintiffs filed their Amended Complaint, "documents were attached that were not attached previously."  (Dkt. 74 at 2.)  Defendant asserts that "[i]t is not prejudicial to allow Defendant to properly supplement and correct its discovery responses in light of the Amended Complaint."  (Dkt. 74 at 2.)  During the hearing on Plaintiffs' Motion to Strike, Defendant indicated that the Amended Complaint prompted its supplemental responses because Plaintiffs attached the policy declaration for the umbrella policy.  (See Dkt. 44.)  However, the policy declaration for the umbrella policy was filed at the beginning of this litigation on September 16, 2016, as an exhibit to Plaintiffs' Notice of Removal and was referenced as an exhibit to Plaintiffs' initial Complaint.

(Dkt. 1-3 at 2–3; Dkt. 2 ¶ 21.) Thus, it is unclear why the Amended Complaint required Defendant to amend its discovery responses two months after the Amended Complaint was filed. (See Dkt. 44.) Defendant further asserts that allowing the amendments is not prejudicial because "the corrective information" has been in Plaintiffs' possession. (Dkt. 74 at 2.) Defendant does not explain what the "corrective information" is or how it came to be in Plaintiffs' possession. Last, without elaboration, Defendant makes the conclusory argument that the amendments to its discovery responses will not cause delay. (Dkt. 74 at 3.)

In response, Plaintiffs contend that Defendant has not shown good cause for amending its discovery responses at this late date. (Dkt. 86 at 8.) Plaintiffs argue that Defendant waited until summary judgment responses were due and amended its previous responses without leave of Court. (Dkt. 86 at 16.) According to Plaintiffs, allowing Defendant to withdraw and amend its previous discovery responses six weeks before trial would "entirely change the case" and create additional disputed issues on which no discovery was taken in reliance on Defendant's previous admissions. (Dkt. 86 at 16.) Further, Plaintiffs state that permitting Defendant to withdraw its Response to Request for Admissions numbers two and four would "require Plaintiffs to either amend their complaint to add a party or lose $1,000,000 in insurance coverage, which Safeco had intentionally evaluated, adjusted, and litigated this case as to both policies for the entire pendency of this claim." (Dkt. 86 at 16–17.) Likewise, if Defendant were allowed to withdraw its Response to Request for Admissions numbers eleven through fourteen, "Plaintiffs would be forced to defend against any number of 'coverage defenses' or 'policy defenses' which have never been disclosed to Plaintiffs . . . and which Plaintiffs have had no way to take discovery on." (Dkt. 86 at 17.)

In light of the parties' arguments, the Court finds that Defendant failed to establish good cause for amending its discovery responses past the Court's deadline. Defendant offers no

explanation for its failure to amend its responses within the Court's deadline. To establish good cause, Defendant must have been diligent. *Ashmore*, 503 Fed. App'x at 685. Defendant responded to Plaintiffs' requests for admissions in May 2017. (Dkts. 70-8, 70-9.) Defendant had over a month to amend its responses within the Court's June 19, 2017 discovery deadline. (Dkts. 20, 21.) However, Defendant waited until after the discovery and dispositive motion deadlines, amending its responses while responding to Plaintiffs' Motion for Summary Judgment. (Dkts. 72-2, 72-3.) Defendant gives no persuasive reason for its delay. Further, Defendant's delay in amending its responses to requests for admissions may have a significant impact on the proceedings in light of Plaintiffs' arguments that: Defendant's amended admissions may require Plaintiffs to seek leave to add a defendant although the deadline to add additional parties passed in January 2017; Plaintiffs did not conduct discovery into the issues Defendant admitted previously; allowing the amended admissions will require additional discovery which is precluded now that discovery has closed and trial is scheduled to occur in October 2017, in two weeks; and Defendant's amended admissions would affect the evidence Plaintiffs relied upon in their Motion for Summary Judgment, and the deadline for dispositive motions passed on July 19, 2017. Given the lack of explanation by Defendant and potential prejudice to Plaintiffs, Defendant has not established good cause as required by Rule 16(b) for belatedly attempting to amend its discovery responses. *Watkins v. Regions Mortg. Inc.*, 555 Fed. App'x 922, 924 (11th Cir. 2014) (affirming district court's denial of plaintiff's request to extend discovery where plaintiff did not show good cause); *Arianas v. LVNV Funding LLC*, 307 F.R.D. 615, 619–620 (M.D. Fla. 2015) (denying plaintiff's motion to extend discovery for failure to demonstrate good cause); *see Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) (explaining in order to establish good cause, the party seeking the extension must establish that the court's schedule could not be met despite

the party's diligence); *see also Lowe's Home Ctrs., Inc. v. Olin Corp.* 313 F.3d 1307, 1315 (11th Cir. 2002) ("It is not an abuse of discretion for a district court to deny a motion for leave to amend a complaint when such motion is designed to avoid an impending adverse summary judgment. Furthermore, it is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery, past the deadline for amendments and past the deadline for filing dispositive motions.") (citations omitted).

    2.  *Rule 36(b)*

Next, the Court considers whether Defendant can withdraw its prior responses to Plaintiffs' requests for admissions under Rule 36(b). The Eleventh Circuit has set forth a two-part test for determining whether to permit a withdrawal of admissions under Rule 36(b). *See Perez v. Miami–Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2002). The Court should first consider "whether the withdrawal will subserve the presentation of the merits." *Id.* Second, it should "determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Id.* (citations omitted). The first prong of the test "emphasizes the importance of having the action resolved on the merits." *Id.* at 1266 (emphasis omitted) (quoting *Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1577–78 (11th Cir. 1988) (per curiam)). It is "satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Perez*, 297 F.3d at 1266 (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). "The prejudice contemplated by the Rule . . . relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Smith*, 837 F.2d at 1578 (quoting *Brook Village N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)). A district court abuses its discretion under Rule 36(b) in denying a motion to withdraw or amend

admissions when it applies some other criterion beyond the two-part test—or grossly misapplies the two-part test—in making its ruling. *Perez*, 297 F.3d at 1265.

In its Motion to Supplement, Defendant fails to address the two-part test established in *Perez* or make any arguments other than those addressed above in Section A.1. In their response, Plaintiffs contend that Defendant must satisfy the *Perez* test to amend their admissions. (Dkt. 86 at 7.) With regard to step one in *Perez*, Plaintiffs argue that if Defendant is allowed to withdraw its admissions, it would undo the entirety of this litigation. (Dkt. 86 at 14.) The purpose of requests for admissions under Rule 36 is "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." *Perez*, 297 F.3d at 1264 (citation omitted). Here, Defendant admitted in the initial Complaint that Defendant issued an insurance policy to Plaintiff Jason Fox, including the subject umbrella uninsured/underinsured motorist coverage. (Dkt. 8 at ¶ 21.) Defendant admitted that no coverage or policy defenses exist in its response to requests for admissions. (Dkt. 70-8.) Withdrawal of Defendant's admissions will not subserve the presentation of the merits in the case. Rather, the merits of the action, including Defendant's affirmative defenses in its Answer, may continue to be disputed by the parties through summary judgment and potentially trial.

The Court must also consider the second prong of the *Perez* test and determine whether Plaintiffs would be prejudiced by the withdrawal or amendment of admissions. *Perez*, 297 F.3d at 1266. As addressed above, allowing Defendant's proposed amendments would result in prejudice to Plaintiffs. For example, Plaintiffs understood that Defendant did not dispute the allegations in Plaintiffs' requests for admissions throughout this case. If withdrawal or amendment were allowed, Plaintiffs would suddenly need to obtain evidence with respect to policy and coverage defenses where Defendant had admitted that there were no defenses before. According

to Plaintiffs, they conducted no discovery on these issues given Defendants' admissions. Plaintiffs also filed their Motion for Summary Judgment on the policy and coverage issues in light of Defendant's admissions, and the deadline for dispositive motions has now passed. Thus, allowing Defendant to withdraw its prior admissions would prejudice Plaintiffs, causing difficulty in proving their case and creating a "sudden need to obtain evidence with respect to the questions previously answered by the admissions." *See Smith*, 837 F.2d at 1578. Therefore, Defendant's Motion to Supplement is denied. *See Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1322 (11th Cir. 2004) (finding district court did not abuse discretion in denying insurers motion to withdraw admissions that directly conflicted with the insurers' summary judgment motion as the "insurers were trying to change their litigation position" and withdrawal would result in prejudice); *United States v. Stinson*, 614CV1534ORL22TBS, 2016 WL 8488241, at *3 (M.D. Fla. Nov. 22, 2016) (denying defendant's motion to withdraw and amend admissions as defendant's decision to wait until trial to withdraw the admissions prejudiced plaintiff).

  **B.** **Motion to Strike**

In their Motion to Strike, Plaintiffs seek to strike Defendant's Supplemental and Corrected Responses to Request for Admissions and Supplemental and Corrected Response to Second Request for Admissions, which were filed as exhibits in response to Plaintiffs' Motion for Summary Judgment. (Dkt. 75.) Plaintiffs argue that Defendant failed to comply with the Court's Scheduling Order because the amended responses were served outside the discovery period, approximately one hour after they were filed as exhibits on August 1, 2017. (Dkt. 75 at 1.) Further, Defendant failed to seek leave of Court before amending its responses. (Dkt. 75 at 5.) Plaintiffs assert that Defendant relies on summary judgment evidence that was neither properly served nor

filed. (Dkt. 75 at 2.) Plaintiffs also contend that Defendant's attempt to change its responses given throughout discovery is prejudicial as trial is scheduled to occur in October 2017. (Dkt. 75 at 4.)

In response, Defendant contends that the amended responses are "completely harmless" as Plaintiffs were aware of the correct underwriting entity pre-suit on March 22, 2016, when Defendant provided Plaintiffs with complete copies of the underlying policy and umbrella policy. (Dkt. 83 at 1.) A complete copy of the umbrella policy was again provided to Plaintiffs on June 19, 2017, as part of Defendant's Supplemental Initial Disclosures. (Dkt. 83 at 2.) Defendant asserts that it had a duty to supplement its discovery responses under Rule 26(e). (Dkt. 83 at 3.)

Rule 26(e) requires parties who have responded to a request for admission to supplement or correct responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). "If a party fails to provide information . . . as required under Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless that failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The court has broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1). *United States ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, No. 8:06-cv-00040-T-33MAP, 2009 WL 92826, at *3 (M.D. Fla. Jan. 14, 2009). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 Fed. App'x 821, 825 (11th Cir. 2009) (internal quotations omitted).

Here, Defendant failed to timely supplement or amend its responses to Plaintiffs' requests for admissions before the close of discovery. Defendant asserts that Plaintiffs have been in

possession of the information supplied in the amended discovery responses "as the underwriting entity of the umbrella policy was clearly identified on the Sworn Disclosure Statement, dated March 22, 2016 and within [its] Supplemental Initial Disclosure." (Dkt. 83 at 4–5.) However, Defendant does not address its amended admissions regarding policy and coverage defenses. Defendant has not shown that its failure to timely disclose this information was substantially justified or harmless. Therefore, Defendant's Supplemental and Corrected Responses to Request for Admissions and Supplemental and Corrected Response to Second Request for Admissions are stricken. Fed. R. Civ. P. 37(c)(1); *see Mitchell*, 318 Fed. App'x at 824–25 (affirming district court's decision to strike testimony of untimely disclosed expert); *Woods v. Austal, U.S.A., LLC*, CIV.A. 09-0699-WS-N, 2011 WL 1380054, at *7–8 (S.D. Ala. Apr. 11, 2011) (striking references to untimely supplemental discovery responses from plaintiff's opposition to defendant's motion for summary judgment as the untimely disclosures were neither substantially justified nor harmless); *Shire Dev. LLC v. Watson Pharm., Inc*., 932 F. Supp. 2d 1349, 1357 (S.D. Fla. 2013) (striking declaration of untimely disclosed expert witness under Rule 37). Accordingly, it is

**ORDERED**:

1. Defendant's Motion for Leave to Supplement and Correct Its Discovery Responses (Dkt. 74) is **DENIED**.

2. Plaintiffs' Motion to Strike Defendant's Exhibits 72-3 and 72-3 for Failure to Comply with Court Order and Fed. R. Civ. P. 36(b) (Dkt. 75) is **GRANTED**.

**DONE** and **ORDERED** in Tampa, Florida, on September 15, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record