UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON FOX and CHRISTINA FOX,

    Plaintiffs,

v.                                                                                                        Case No: 8:16-cv-2665-T-23JSS

SAFECO INSURANCE COMPANY OF
ILLINOIS,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO STRIKE

THIS MATTER is before the Court on Defendant's Notice of Objection and Motion to Strike the Affidavit of Leoni Nelsen ("Motion to Strike") (Dkt. 96) and Plaintiffs' Response in Opposition to Defendant's Motion to Strike (Dkt. 107). For the reasons that follow, the Motion to Strike is denied.

### BACKGROUND

Plaintiffs bring underinsured motorist and consortium claims against Defendant arising out of a June 9, 2015, vehicle accident. (Dkt. 2.) In Plaintiffs' Amended Complaint, Plaintiffs claim the subject accident occurred when underinsured motorist "Leoni Nelsen negligently operated or carelessly maintained her motor vehicle so that it collided with the motor vehicle being driving by the Plaintiff, Jason Fox." (Dkt. 44 at ¶ 15.) Plaintiffs further assert that Plaintiff Jason Fox is entitled to recover from Defendant for damages caused by Ms. Nelsen. (Dkt. 44 at ¶ 25, 38.)

On July 19, 2017, Defendant filed its Motion for Summary Judgment as to Plaintiffs' Amended Complaint and Memorandum of Law ("Motion for Summary Judgment"). (Dkt. 59.) Defendant contends that it is entitled to summary judgment due to Plaintiffs' failure to produce documentation of their settlement with Ms. Nelsen and her insurance carrier and because Plaintiff

failed to provide written notice of intent to settle and accept the policy limits tender by certified or registered mail. (Dkt. 59.) In their Response in Opposition to Defendant's Motion for Summary Judgment as to Plaintiffs' Amended Complaint, Plaintiffs relied in part on the Affidavit of Leoni Nelsen ("Affidavit"), dated July 28, 2017. (Dkts. 70, 70-13.) Specifically, Plaintiffs relied on the Affidavit in arguing that any alleged presumption of prejudice "can be overcome by evidence that Ms. Nelsen was judgment-proof, meaning that Safeco's subrogation right would not have been useful even had Safeco had the opportunity to assert it." (Dkt. 70 at 18.) In her Affidavit, Ms. Nelsen provides a list of all assets she owns personally and states that she is retired. (Dkt. 70-13.) Ms. Nelsen's Affidavit is comprised of ten paragraphs and contains no attachments. (Dkt. 70-13.) Defendant now seeks to strike the Affidavit as untimely, insufficient, and prejudicial. (Dkt. 96 at 2.)

**APPLICABLE STANDARDS**

Federal Rule of Civil Procedure 26 requires each party to provide initial disclosures including "a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). Pursuant to Rule 26(e)(1)(A), a party must supplement or correct disclosures and discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Rule 37 provides for sanctions in the event of noncompliance with Rule 26(a) or (e): "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party

is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure." *Hewitt v. Liberty Mut. Group, Inc.*, 268 F.R.D. 681, 683 (M.D. Fla. 2010). The court has broad discretion in determining whether a party's failure to disclose discovery materials is either substantially justified or harmless. *Engle v. Taco Bell of Am., Inc.*, No. 8:09–cv–2102–T–33TBM, 2011 WL 883639, at *1 (M.D. Fla. Mar. 14, 2011).

With regard to summary judgment motions, pursuant to Federal Rule of Civil Procedure 56, a party asserting that a fact cannot be or is genuinely disputed may support the assertion by an affidavit. Fed. R. Civ. P. 56(c)(1)(A). An affidavit used to oppose a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## ANALYSIS

In support of the Motion to Strike, Defendant argues that the Affidavit should be stricken because "Plaintiffs failed to supplement discovery or their initial disclosures pursuant to Rule 26(e)(1)." (Dkt. 96 at 2.) However, Defendant does not explain how Plaintiffs' initial disclosures should have been supplemented with the information in the Affidavit, nor does Defendant specify which discovery response Plaintiffs should have supplemented. The Court notes that the Defendant does not argue that the Plaintiffs failed to identify Ms. Nelsen as an "individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses," as required by Rule 26. Fed. R. Civ. P. 26(a)(A)(i). Ms. Nelsen is not a surprise witness whose identity was kept hidden from Defendant. To the contrary, Ms. Nelsen is disclosed in

Plaintiffs' Complaint and Amended Complaint as the driver of the other vehicle involved in the subject accident. (Dkts. 2, 44.) To the extent Defendant argues that Plaintiffs should have supplemented their disclosures to provide Defendant with a copy of the Affidavit pursuant to Rule 26(a)(1)(A)(ii) and Rule 26(e), the Affidavit is dated July 28, 2017, and was filed on July 31, 2017. (Dkt. 70-13.) Therefore, Plaintiffs did not conceal the existence of the Affidavit. Moreover, Defendant states in its Motion to Strike that Ms. Nelsen was deposed during discovery in this matter. (Dkt. 96 at 2.) Thus, all parties were aware that Ms. Nelsen may possess information concerning the matters in dispute in the case. Further, in its interrogatories to Plaintiff Jason Fox, Defendant sought information regarding whether Plaintiff "made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case." (Dkt. 59-5 at 10.) In Plaintiff's Answers to Interrogatories, served January 18, 2017, Plaintiff disclosed that Ms. Nelsen "tendered the maximum amount allowed by her insurance policy, $100,000." (Dkt. 59-5 at 11–12.) It is unclear how Plaintiffs would have been required to supplement this response with information provided in the Affidavit. Without further information, Defendant has not shown that Plaintiffs violated the requirement to supplement under Rule 26. Additionally, given that Ms. Nelsen was deposed during discovery and Plaintiffs disclosed the settlement in a discovery response, any noncompliance on Plaintiffs part was harmless. *See McKenzie v. Talladega City Bd. of Educ.*, 242 F. Supp. 3d 1244 (N.D. Ala. 2017); *Graley v. TZ Insurance Solutions, LLC*, No. 2:14-cv-636-FtM-CM 2016 WL 4595066, at *4 (M.D. Fla. Sept. 2, 2016) ("[O]nce a witness is disclosed through discovery or otherwise, it is the duty of the party prosecuting or defending the case to investigate the case in due diligence.").

Defendant next argues that the Affidavit should be stricken under Rule 56. (Dkt. 96 at 5.) An affidavit submitted in connection with a summary judgment motion is subject to a motion to

strike if it does not meet the standards set forth under Rule 56(c)(4).  *Pashoian v. GTE Directories*, 208 F. Supp. 2d 1293, 1297 (M.D. Fla. 2002).  Rule 56(c)(4) provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).

Defendant challenges the admissibility of the Affidavit and contends that the Affidavit "fails to properly address the consequences of the undisputed fact that Plaintiffs failed to properly provide notice of their intent to settle or seek waiver of Defendant's subrogation interest." (Dkt. 96 at 5.)  Defendant further states that "Plaintiffs were not diligent in developing the facts necessary to meet their burden of proof to entitlement of benefits . . . and, likewise, Plaintiffs did not diligently develop or disclose facts to rebut the presumption created by their own actions." (Dkt. 96 at 6.)  Defendant asserts that because the Affidavit fails to create a genuine issue of material fact, it "offers no competent or material evidence to rebut that presumption and should be stricken." (Dkt. 96 at 6.)

Defendant's arguments do not establish a basis for striking Ms. Nelsen's affidavit under Rule 56(c)(4).  Defendant does not contest Ms. Nelsen's personal knowledge or competency to testify concerning the matters stated within the Affidavit.  Nor do Defendant's contentions make a clear argument regarding the admissibility of the Affidavit or its contents.  Plaintiffs contend that Defendant's arguments are "a second reply in support of its Motion for Summary Judgment." (Dkt. 107 at 1.)  The Court agrees.  Defendant appears to be making similar arguments as those made in its Motion for Summary Judgment and Reply to Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment. (Dkts. 59, 84.)  Defendant also asserts multiple other arguments regarding the contents of the Affidavit seemingly in an effort to support its Motion for

Summary Judgment. For example, Defendant argues that the affidavit is insufficient because it does not contain certain information, including whether Ms. Nelsen owned another vehicle at the time of the subject incident and any information regarding Ms. Nelsen's spouse. (Dkt. 96 at 4.) However, these arguments go to the merits of Defendant's Motion for Summary Judgment and are not a basis for striking the Affidavit under Rule 26 or Rule 56. Thus, Defendant's arguments do not warrant striking the Affidavit.

Accordingly, it is **ORDERED** that Defendant's Notice of Objection and Motion to Strike the Affidavit of Leoni Nelsen (Dkt. 96) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on September 18, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record