UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON FOX
and CHRISTINA FOX,

    Plaintiffs,

v.                                                CASE NO. 8:16-cv-2665-T-23JSS

SAFECO INSURANCE
COMPANY OF ILLINOIS,

    Defendant.
_____/

**ORDER**

In June 2015, an 83-year-old driver struck Jason Fox's vehicle and severely injured Fox, whom "Safeco Insurance Company of Illinois" insured under an automobile policy and whom "Safeco Insurance Company of America" insured under an umbrella policy. Each policy covers injury by an under-insured motorist. The elderly driver's insurer paid the policy limit of $100,000, and Fox settled the negligence claim against the driver. Fox claims several million dollars in medical expenses and lost earnings.

Fox sues (Doc. 44) "Safeco Insurance Company of Illinois" for breach of the automobile policy (count one) and for breach of the umbrella policy (count two). Safeco of Illinois moves (Doc. 57) for summary judgment on the breach-of-umbrella claim in count two and argues that Fox sued the wrong company. Both parties move

(Docs. 58 and 59) for summary judgment on Safeco of Illinois's fourth "affirmative defense," the failure to satisfy a condition precedent.  Finally, Fox moves (Doc. 58 at 7–8) for summary judgment on Safeco of Illinois's seventh "affirmative defense," the failure to state a claim.

## DISCUSSION

**I. Failure to satisfy a condition precedent**

Safeco of Illinois moves (Doc. 59) for summary judgment and asserts that Fox failed to satisfy a condition precedent.  According to Safeco of Illinois, both a Florida statute and the automobile policy required Fox to notify Safeco of Illinois "via certified or registered mail" about the settlement, but Fox purportedly failed to notify Safeco of Illinois in accord with the statute and the policy.

Moving (Doc. 58) for summary judgment on the affirmative defense, Fox argues that Safeco of Illinois waived the condition-precedent argument.  Rule 9(c), Federal Rules of Civil Procedure, requires that a defendant's answer deny "with particularity" the plaintiff's failure to satisfy a condition precedent.[1]  The failure to deny "with particularity" in the answer the satisfaction of a condition precedent precludes the defendant's successfully arguing that the plaintiff failed to satisfy a condition precedent.  *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010

---

[1] Permitting a defendant to raise a condition-precedent argument in a motion, several decisions observe that the word "answer" appears nowhere in Rule 9(c).  *See, e.g.*, *Schindler Architects, Inc. v. Fidelity & Guar. Ins. Underwriters, Inc.*, 2007 WL 781918 (S.D. Fla. Mar. 13, 2007) ("[T]here is no requirement in Rule 9(c) that such a denial be made in the answer."). But Rule 9(c) applies only to a pleading, and a motion is not a pleading.

(11th Cir. 1982) ("[If] the defendant does not deny the satisfaction of the preconditions specifically and with particularity, then the plaintiff's allegations are assumed admitted, and the defendant cannot later assert that a condition precedent has not been met."); *Gottlieb & Gottlieb, P.A. v. Crants*, 657 Fed.Appx. 920 (11th Cir. 2016); *Moore's Federal Practice*, Vol. 2, § 9.04(5) (3d ed. 2017) ("Permitting the matter to be raised for the first time in a post-answer summary judgment motion is not consistent with the usual rules of pleading . . . [t]he better view is that non-performance or non-occurrence of a condition precedent is waived if not properly pleaded.").[2]

Neither the answer nor the affirmative defense details Fox's purported failure to notify Safeco of Illinois about the settlement. Fox alleges compliance "with all the conditions precedent to bringing this action against Safeco." (Doc. 44 at ¶ 5) Safeco of Illinois's answer states in full: "Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint." (Doc. 46 at ¶ 5) In the fourth "affirmative defense," Safeco of Illinois persists in denying generally the satisfaction of a condition precedent: "[D]efendant avers that the Plaintiff has failed to perform or allege any and all conditions precedent to the filing of this action." (Doc. 46 at 9) Because Safeco of Illinois's answer failed to identify "with particularity" the

---

[2] *Assoc. Mech. Contractors, Inc. v. Martin K. Eby Const. Co., Inc.*, 271 F.3d 1309, 1317 (11th Cir. 2001) (Gibson, J., sitting by designation), which finds no waiver of a condition-precedent argument raised for the first time in a defendant's fourth motion for summary judgment, appears to conflict irreconcilably with Rule 9(c) and *Jackson*. This order follows "the better view" articulated by *Jackson*.

circumstances constituting an unsatisfied condition precedent, Safeco of Illinois waived the condition-precedent defense.[3]  *Jackson*, 678 F.2d at 1010.

## II. Failure to state a claim

In the seventh "affirmative defense," Safeco of Illinois asserts that the complaint fails to state a claim.  (Doc. 46 at 10)  Fox argues that Safeco of Illinois's failure-to-state-a-claim defense fails to state a defense.  (Doc. 58 at 7–8)

Fox's argument fails for at least two reasons.[4]  First, Rule 8(a)(2), from which *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), derive the requirement that a complaint allege facts sufficient to state a claim, applies only to a "claim" and not to a "defense."  Rule 8(b)(1)(A) requires a short and plain statement of the defense but imposes no requirement that the defendant allege facts to support the defense.  Second, the granting of summary judgment on a defense ordinarily prohibits the non-moving party's asserting the defense at trial, but in this instance Rule 12(h)(2)(C) permits raising at trial the plaintiff's failure to state a claim.[5]

---

[3] Safeco of Illinois's failure to deny "with particularity" the defense appears to prejudice Fox. The argument about Fox's failure to notify Safeco of Illinois about the settlement first appears in the record on July 19, 2017, a month after the close of discovery.

[4] Under Rules 12(h)(2)(A) and 7(a), a defendant can assert in an answer that the complaint fails to state a claim.

[5] Citing *Blue Cross & Blue Shield of Alabama v. Sanders*, 138 F.3d 1347 (11th Cir. 2010), Fox argues that the "mere recital of the defense of failure to state a claim" amounts to a waiver. But *Blue Cross & Blue Shield* finds a waiver because the defendants first asserted the defense on appeal. 138 F.3d at 1351 ("The [defendants] did not make this argument before the district court.").

## CONCLUSION

Fox's motion (Doc. 58) for summary judgment on the fourth and seventh "affirmative defenses" is **GRANTED-IN-PART** and **DENIED-IN-PART**. Safeco of Illinois waived the condition-precedent defense, but the failure-to-state-a-claim defense remains. Safeco of Illinois's motion (Doc. 59) for summary judgment on the condition-precedent defense is **DENIED**.

A telephonic hearing on Safeco of Illinois's motion (Doc. 57) for summary judgment on the breach-of-umbrella claim in count two is set for **3 p.m.** on **DECEMBER 6, 2017**. Fox and Safeco of Illinois must call (813) 301-5001 to participate.

ORDERED in Tampa, Florida, on December 4, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE